Breitel, J.
 

 This habeas corpus proceeding was brought on behalf of a juvenile, who was detained by order of the Family Court on a charge that for an adult would have been a criminal homicide. Because detention was continued by adjournments of the required fact-finding hearing for some two months, over the juvenile’s objections, this proceeding was brought. It was urged that protracted detention without a hearing to establish probable cause was a violation of constitutional rights. Special Term dismissed the proceeding, rejecting petitioner’s argument,
 
 *310
 
 and a direct appeal on the constitutional issue was taken to this court.
 

 A similar case involving a similarly protracted detention was recently before the court. It was dismissed as moot after the juvenile was released on parole before the appeal could be determined
 
 (People ex rel. Guggenheim, on Behalf of William S.
 
 v.
 
 Mucci,
 
 31 N Y 2d 957). Again, in this proceeding, the juvenile has been released on parole before an appeal to this court could be determined. As a consequence, it was urged by respondent that this appeal also be dismissed as moot. Since the situation was likely to recur and the substantial issue never reached because of the recurring happenstance that the juvenile is released before a determination, even in what should be so rapid a proceeding as habeas corpus, the court denied a motion to dismiss the appeal. This was on well-established principles, that an appeal should not be dismissed as moot if a question of general interest and substantial public importance is likely to recur (e.g.,
 
 Matter of Concord Realty Co.
 
 v.
 
 City of New York,
 
 30 N Y 2d 308, 312-313;
 
 Matter of Oliver
 
 v.
 
 Postel,
 
 30 N Y 2d 171, 177-178).
 

 It has traditionally been said, with respect to both adult criminal and juvenile delinquency proceedings, that there is no constitutional right to a preliminary or probable cause hearing
 
 (Goldsby
 
 v.
 
 United States
 
 160 U. S. 70, 73;
 
 United States
 
 v.
 
 Coley,
 
 441 F. 2d 1299, 1301 [5th Cir.], cert. den. 404 U. S. 867;
 
 Ramirez
 
 v.
 
 State of Arizona,
 
 437 F. 2d 119, 119-120 [9th Cir.];
 
 Scarbrough
 
 v.
 
 Dutton,
 
 393 F. 2d 6, 6-7 [5th Cir.];
 
 Sciortino
 
 v.
 
 Zampano,
 
 385 F. 2d 132, 134 [2d Cir.], cert. den. 390 U. S. 906;
 
 Silva
 
 v.
 
 Cox,
 
 351 F. 2d 61, 64 [10th Cir.], cert. den. 383 U. S. 919;
 
 Dillard
 
 v.
 
 Bomar,
 
 342 F. 2d 789, 790 [6th Cir.], cert. den. 382 U. S. 883;
 
 M.A.P.
 
 v.
 
 Ryan,
 
 285 A. 2d 310, 313-315 [D. C. Ct. App.];
 
 State
 
 v.
 
 Smith,
 
 32 N. J. 501, 536-537, cert. den. 364 U. S. 936; see 4 Wharton’s Criminal Law and Procedure, § 1619, esp. 1973 Cum. Supp., at p. 74; 22 C. J. S., Criminal Law, § 332, at p. 846; but see
 
 Brown
 
 v.
 
 Fauntleroy,
 
 442 F. 2d 838, 839 [D. C. Cir.];
 
 Cooley
 
 v.
 
 Stone,
 
 414 F. 2d 1213 [D. C. Cir.]). In effect, official action sufficed, for constitutional purposes, to authorize detention for criminal acts, provided, of course, that constitutional mandates for probable cause for arrest and speedy trial thereafter were satisfied (see
 
 Ramirez
 
 v.
 
 State of Arizona,
 
 437
 
 *311
 
 F. 2d 119,
 
 supra; Worts
 
 v.
 
 Dutton,
 
 395 F. 2d 341, 342-343 [5th Cir.];
 
 Scarbrough
 
 v.
 
 Dutton,
 
 393 F. 2d 6, supra; but see
 
 Pugh
 
 v.
 
 Rainwater,
 
 332 F. Supp. 1107, 1113-1114 [D. C. Fla.]). The reason, without doubt, that no critical constitutional issue has ever developed with respect to adult criminal proceedings is that in this State, and just about everywhere else in the country, statutes mandate either a preliminary hearing or action by a grand jury, shortly after arrest to establish either probable cause, or even more, a prima facie case for holding an adult for full trial. Moreover, the speedy trial provisions of statute or constitution prevent undue delays thereafter (see U. S. Const., 6th Amdt.; e.g.,
 
 People
 
 v.
 
 Prosser,
 
 309 N. Y. 353).
 

 In the case of New York’s Family Court Act there are no provisions for either a preliminary or probable cause hearing, presumably because it is assumed that the full fact-finding hearing will come on as promptly as might any preliminary or probable cause hearing. The Family Court Act provides that no juvenile may be detained for more than 72 hours (or the next day the court is in session, if sooner) without a detention hearing to determine if the court has jurisdiction and to advise the juvenile of his rights (§§ 728, 729). The statute, however, does not expressly extend the scope of the hearing to cover probable cause. Next, the Family Court Act mandates a full fact-finding hearing within three days after a petition is filed if the juvenile is in detention (§ 747). And if the juvenile is detained, the fact-finding hearing may be adjourned for no more than an additional three days, but only if good cause be shown (§ 748). An exception, a very limited one, is made in the case of a homicide, or assault where the victim is incapacitated, and then the adjournment is required to be for no longer than a
 
 “
 
 reasonable length of time ”
 
 (id.).
 

 If it were true that the measure of a reasonable length of time were as expandable as the many months involved in the
 
 William S.
 
 case (31 N Y 2d 957,
 
 supra),
 
 or nearly two months involved in this case, the instant attack on the present statute wbuld raise the serious constitutional question previously noted by this court. It is not necessary, however, to read the statute as providing so expandable a measure. Moreover, there are parallel standards and analogies to be applied. With such application the constitutional issue is avoided and the statute sus
 
 *312
 
 tairied as valid, a result to be achieved wherever possible (see, e.g.,
 
 Matter of Seitz
 
 v.
 
 Drogheo,
 
 21 N Y 2d 181, 186; 8 N. Y. Jur., Constitutional Law, § 63).
 

 In the case of adult felony proceedings there must be either a preliminary hearing or grand jury action by indictment or information within 72 hours of detention, much like the three-day provision in the Family Court Act (CPL 180.80; Family Ct. Act, § 747). Moreover, if for good cause shown, there is to be a delay beyond this period, then it must “ consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice ” (CPL 180.80, subd. 3; see, also, 180.60, subd. 10).
 

 Obviously, the kind of showing in this case did not meet that rigorous standard. The initial information or police affidavit is bare of facts, ultimate or evidentiary, and is solely on information and belief without giving the source of the information. It states only that at a certain time and place the juvenile, as the affiant has been informed, with six others, two of them over the age of 16 years, caused the death of the deceased by shooting him six times with a .22 calibre pistol which was not recovered. It is inferable, although the court has not been so advised, that the delay in the juvenile proceedings was actually due to the regular adult criminal proceedings being brought against two persons over 16 years of age. The reasons assigned for the adjournments were the delays in obtaining medical records and reports, which obviously relate only to the physical cause of death.
 

 Sections 747 and 748 of the Family Court Act are valid and provide a civilized procedure if read to mandate a full fact-finding hearing within three days and that to show good cause for a delay beyond that of more than several days there must be presented to the court facts to show that there is both probable cause to hold the juvenile and such facts, including reliable hearsay, to justify the adjournment of the full fact-finding hearing. This is the rule and practice in other States, either by express provision of statutes or decisional elaboration of statutes not very different from that of New York (e.g.,
 
 M.A.P.
 
 v.
 
 Ryan,
 
 285 A. 2d 310, 316-317, supra;
 
 In re William M.,
 
 3 Cal.
 
 *313
 
 3d 16, 28;
 
 People
 
 v.
 
 DePoy,
 
 40 Ill. 2d 433, 436-437;
 
 Commonwealth ex rel. Sprowal
 
 v.
 
 Hendrick,
 
 438 Pa. 435, 437; see, also, D. C. Code 1967 [Supp. V, 1972], § 16-2312, p. 367; 1A Fla. Stat. Ann., § 39.03; 9A Gra. Code Ann. [1972 cum. pocket pt.], § 24A-1404, subd. [c]; 17 Minn. Stat. Ann., § 260.171, esp. subd. 2). And, indeed, at least one Family Court Judge in this State viewed the statute in this way, even to the availability of reliable hearsay evidence on the
 
 ‘ ‘
 
 good cause ” or
 
 “
 
 probable cause ’ ’ issue
 
 (Matter of Edwin R.,
 
 60 Misc 2d 355, 359 [Guerreiro, J.]).
 

 A caveat is required on fact-finding hearings. The Family Court Act limits the proof to competent evidence (§ 744). In this State, there is a similar requirement for preliminary hearings in adult criminal proceedings (CPL 180.60, subd. 8), although there are varying rules elsewhere (4 Wharton’s Criminal Law and Procedure, at p. 290; 22 C. J. S., Criminal Law, § 345, at p. 890). But on any view of the matter a hearing designed to provide good cause for an adjournment ought not be so limited, even though the issue involves probable cause to detain for a wrong alleged.
 

 In many a case it may even be feasible to start the fact-finding hearing, and, after establishing the equivalent of probable cause, for good cause to adjourn the balance of the fact-finding hearing to another day. Or, it may be desirable to view the earlier detention hearing as an appropriate time to conduct an inquiry into probable cause (see Family Ct. Act, § 728).
 

 But whichever procedure is followed, the statute may not be read to allow protracted adjournments, month after month, on skimpy affidavits of the land described, and without some kind of hearing to establish that the juvenile is being held for cause. It would take a distorted view to believe that adult felony criminal proceedings were designed to be more tender of the rights of detained adults than the Family Court proceedings are of juveniles. It is obvious that the purpose was just the other way: juveniles are entitled to speedier fact-finding hearings than adult criminals, and, hence, the restrictive (and not liberal) language of sections 747 and 748.
 

 The conclusion reached would ordinarily require that the dismissal of the writ of habeas corpus be reversed. Since the pendency of this proceeding, the Family Court in the City of New
 
 *314
 
 York by its Administrative Judge, the Honorable Florence M. Kelley, has adopted an internal regulation, limited of course to the proceedings in that city, directing substantially the procedure indicated as appropriate and required by the statute. For this reason and because of the juvenile’s release on parole, the relief requested in the habeas corpus petition would serve no purpose. Hence, the judgment appealed from should be modified to the extent of dismissing the writ solely on the ground of mootness.
 

 Accordingly, the judgment appealed from should be modified, without costs, to the extent of dismissing the writ on the ground of mootness, and, as so modified, affirmed.
 

 Chief Judge Fuld and Judges Burke, Jasen, Gabrielli, Jones and Wachtler concur.
 

 Judgment modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.