■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. KAUFMANN, Appellant, v ROBERT K. DAVIS, as Director of Detention Services, Human Resources Administration, Juvenile Center for Boys, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Kings County, entered December 9, 1975, which, after a hearing, dismissed the petition. Judgment affirmed, without costs or disbursements. The child on whose behalf this proceeding was commenced has been paroled and is no longer being detained. Accordingly, this appeal has been rendered moot. Jurisdiction has been retained, at the request of appellant, because the question involved is one of general interest and of substantial public importance, and it is likely to arise with frequency (see *People ex rel. Guggenheim v Mucci,* 32 NY2d 307, 310). The child, who had been adjudicated a person in need of supervision (PINS), was detained at the Juvenile Center for Boys for a period of 15 days pending determination by the Family Court of where he should be placed pursuant to his commitment to the custody of the Commissioner of Social Services. Prior thereto, the child had been sent to minimum security schools for PINS children, but had persisted in absconding. In addition, he beat and injured other youngsters and was considered to be almost homicidal. It was determined that the child needed to be transferred and the Family Court placed him in the Juvenile Center awaiting an alternate plan of placement from the Commissioner of Social Services. The child's confinement thereto was terminated 15 days later by reason of his parole to his mother's custody. It is claimed on this appeal that detaining the child at the juvenile center constituted a violation of his constitutional rights to due process and equal protection of the law in that such institution provides only secure detention which, as a PINS child, he should not have been subjected to, and in that he was placed among juvenile delinquents. While we recognize that the arguments presented herein have merit (see *People ex rel. Kaufmann v Davis,* Sup. Ct., Kings County, Feb. 10, 1976, Brownstein, J), we are of the opinion that, where the detention at the juvenile center is of such short duration as in the case at bar, and where the circumstances presented are similar, such detention is permissible and does not run afoul of the rights of the PINS child (see *Martarella v Kelley,* 349 F Supp 575). Cohalan, Acting P. J., Margett and Rabin, JJ., concur; Damiani, J., dissents and votes to reverse the judgment and grant the writ, with the following memorandum, in which Titone, J., concurs: I agree that jurisdiction should be retained in this case and that the appeal should not be dismissed as moot because it presents a question of general interest and substantial public importance which is likely to arise with frequency (see *People ex rel. Guggenheim v Mucci,* 32 NY2d 307, 310). I would reverse the judgment appealed from and sustain the writ for the

reasons stated by Mr. Justice Brownstein in his recent opinion in *People ex rel. Kaufmann v Davis* (Sup. Ct., Kings County, Feb. 10, 1976, Brownstein, J.), which case, as does the instant appeal, raised the question of whether the constitutional rights of a child adjudged to be a person in need of supervision, pursuant to article 7 of the Family Court Act, were violated by her *temporary* placement at the juvenile center where she was held in secure detention with juvenile delinquents. In his thorough opinion, Mr. Justice Brownstein concluded, and I agree, that such placement is constitutionally repugnant.