## (April 21, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. KAUFMANN, as Law Guardian, on Behalf of JOSEPH P., Appellant, v ROBERT K. DAVIS, as Director of Detention Services, Human Resources Administration, Juvenile Center for Boys, Respondent.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Kings County, entered April 6, 1977, which, after a hearing, dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and respondent is directed to discharge the juvenile, Joseph P. (Anonymous), from custody forthwith. On Friday, March 25, 1977, a petition was filed in Family Court which alleged that Joseph P., a juvenile, had committed acts which, if done by an adult, would constitute the crimes of robbery in the first degree, criminal possession of a dangerous weapon, possession of stolen property and menacing. The matter was adjourned and the juvenile was remanded to Juvenile Center until Tuesday, March 29, 1977. On March 29, 1977 the juvenile was not prepared to proceed with the fact-finding hearing, but requested that a hearing be held, pursuant to subdivision (b) of section 739 of the Family Court Act, which provides that: "Unless the respondent waives a determination that probable cause exists to believe that he is a juvenile delinquent or a person in need of supervision, no detention under this section may last more than three days (i) unless the court finds, pursuant to the evidentiary standards applicable to a hearing on a felony complaint in a criminal court, that such probable cause exists, or (ii) unless special circumstances exist, in which cases such detention may be extended not more than an additional three days exclusive of Saturdays, Sundays and public holidays." The juvenile's request for a probable cause hearing was denied and the matter was adjourned until April 14, 1977. The juvenile was again remanded to Juvenile Center. This proceeding was commenced on behalf of the juvenile on March 30, 1977, on the allegation that the Family Court's failure to hold a probable cause hearing before remanding him to Juvenile Center violated the juvenile's statutory and constitutional rights. The petition was dismissed and we granted appellant's motion to expedite the appeal. Subdivision (b) of section 739 was added to the Family Court Act in 1975 as a result of the holding in *People ex rel. Guggenheim v Mucci* (32 NY2d 307, 312) that: "Sections 747 and 748 of the Family Court Act are valid and provide a civilized procedure if read to mandate a full fact-finding hearing within three days and that to show good cause for a delay beyond that of more than several days there must be presented to the court facts to show that there is both probable cause to hold the juvenile and such facts, including reliable hearsay, to justify the adjournment of the full fact-finding

hearing." At the same time that subdivision (b) of section 739 was added, section 747 of the Family Court Act was amended to provide that where it is alleged that a juvenile "committed an act, which would be a class A, B or C felony if committed by an adult, [a fact-finding hearing] may commence no later than fourteen days after the filing of the petition." This change resulted from the recognition that it often takes greater time to prepare for the trial of more serious offenses. Although *People ex rel. Guggenheim (supra)* was decided in an atmosphere in which delays in proceeding to a fact-finding hearing were precipitated by the Corporation Counsel, neither that decision nor the enactment of subdivision (b) of section 739 of the Family Court Act premised the holding of a probable cause hearing solely upon the Corporation Counsel's failure to proceed to trial. It was clearly improper for the Family Court to remand the juvenile on March 29, 1977 without a finding of probable cause. There is also no merit to the argument that the juvenile waived his right to a probable cause hearing, pursuant to subdivision (b) of section 739 of the Family Court Act, by requesting an adjournment. He requested an adjournment in order to have time to prepare a full defense. The right to effective representation is a meaningless ritual, devoid of value to the accused, if a court can premise the right on the renunciation of other basic statutory and constitutional rights (cf. *Argersinger v Hamlin,* 407 US 25; *Matter of Gault,* 387 US 1). It should be noted that the Family Court Act is intended to provide juveniles with speedier fact-finding hearings than are afforded to adults accused of crime. Although this decision may extend, in some cases, the length of the adjudicatory process, the efficiency of the Family Court need not be eroded. As the court noted in *People ex rel. Guggenheim v Mucci (supra,* p 313): "In many a case it may even be feasible to start the fact-finding hearing, and, after establishing the equivalent of probable cause, for good cause to adjourn the balance of the fact-finding hearing to another day. Or, it may be desirable to view the earlier detention hearing as an appropriate time to conduct an inquiry into probable cause (see Family Ct. Act, § 728)." Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.