OPINION OF THE COURT
Irene J. Duffy, J.
A felony complaint charging the nonarmed felony of robbery in the second degree was filed against this respondent in Criminal Court on October 12, 1978. Upon motion of the District Attorney at arraignment, that court, as mandated by statute (see CPL 180.75, subd 4), issued an order of removal to *1078 Family Court on October 18, 1978. The respondent was paroled by Criminal Court. No probable cause hearing was held, nor was one waived.
After the filing of the removal order, now deemed a petition under section 731 of the Family Court Act, the arraigning Family Court Judge, exercising his discretion, adjourned the matter and ordered respondent detained for three days. On the scheduled hearing date, the respondent’s attorney stated she was not prepared for a full fact-finding hearing and moved for a probable cause hearing.
Petitioner argues that respondent is not entitled to a probable cause hearing in an action removed to Family Court by Criminal Court. In support of this position, petitioner points to the language of section 739 of the Family Court Act as amended in 1978. The relevant part of subdivision (c) states: "Where the petition consists of an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law, the petition shall be deemed to be based upon a determination that probable cause exists to believe the respondent is a juvenile delinquent and the respondent shall not be entitled to any further inquiry on the subject of whether probable cause exists.”
This court believes the petitioner’s argument is without merit for it ignores (or overlooks) the legislative intent. It is clear that had this respondent remained in the Criminal Court system or had the matter been commenced in the Family Court system, there could be no detention beyond 72 hours unless a probable cause hearing had been held or had been waived by respondent. (See CPL 180.80; and Family Ct Act, § 739, subd [b].)
It is the opinion of this court that in enacting subdivision (c) of section 739 the Legislature wished to avoid duplication of court time and effort. The aim was to obviate the necessity of probable cause hearings in Family Court when such hearings had already been conducted or had been waived in Criminal Court. There was never an intention to take away respondent’s right to a probable cause hearing where none was afforded nor waived.
If we accept petitioner’s position, it is clear that the removal of this matter to Family Court would deprive respondent of a substantial statutory right that would otherwise have been his, i.e., the right to a probable cause hearing. (People ex rel. Kaufman v Davis, 57 AD2d 597.) Surely, the tenor of the *1079 statute does not reveal a legislative intent to deny or to lessen a respondent’s rights when a case is removed from the Criminal Court to the Family Court.
Motion granted.