*1030 OPINION OF THE COURT
Raymond E. Cornelius, J.
This proceeding directly raises the question whether evidence received at a "probable cause” hearing, pursuant to section 739 of the Family Court Act, may also be used as the basis for sustaining the petition at the fact-finding hearing.
The respondent has been charged in the petition with being a juvenile delinquent, based upon an act or acts, which if committed by an adult, would constitute the crime of attempt to commit the crime of robbery in the first degree, in violation of sections 110.00 and 160.15 of the Penal Law. On April 5, 1979, a hearing was held pursuant to section 739 of the Family Court Act to determine whether probable cause existed to believe that the respondent was a juvenile delinquent, in order to justify further detention pursuant to that section.
Prior to the commencement of the "probable cause” hearing, the court announced, in the presence of the respondent, his mother, and his Law Guardian, that the evidence received at that hearing would also be considered by the court in later making a determination at the fact-finding hearing. During this "probable cause” hearing, the alleged victim, a witness, and two police officers were called to testify, and subjected to both direct and cross-examination. At the conclusion of the hearing, the court found that probable cause did exist to believe the respondent was a juvenile delinquent, and directed that the respondent remain in detention.
Subsequently, the respondent was released from detention prior to his fact-finding hearing, which began on July 12, 1979. At this hearing, the respondent was represented by the same Law Guardian as had appeared on his behalf at the "probable cause” hearing, and the attorney for the petitioner announced that he did not intend to call any additional witnesses and would rest his case upon the evidence presented at the prior hearing. The respondent’s Law Guardian objected to this procedure, and after setting forth her reasons in detail on the record, stated that she could not proceed with the fact-finding hearing. It should be noted that the attorney for the petitioner stated that he would make all witnesses, who testified at the "probable cause” hearing, available for further examination, and furthermore, would not object to production of the minutes of the prior hearing, if requested by respondent.
*1031 The procedure followed by the court in this proceeding was essentially based upon two reported decisions. In People ex rel. Guggenheim v Mucci (32 NY2d 307), the Court of Appeals, in a case decided prior to the enactment of subdivision (b) of section 739 of the Family Court Act, which makes specific provision for "probable cause” hearings, held that in order to justify adjournment of the fact-finding hearing, pursuant to the time restrictions set forth in sections 747 and 748 of the Family Court Act, there must be evidence presented to the court of both probable cause to hold the respondent and justification for the adjournment. On the probable cause issue, the court went on to suggest that it may be feasible to commence the fact-finding hearing and adjourn same after establishing a probable cause, or to conduct an inquiry into probable cause at the detention hearing, for which provision is made in section 728 of the Family Court Act. The practical effect, of course, of adopting the first suggestion made by the Court of Appeals would be to use the same evidence received on the issue of probable cause on the ultimate issue to be determined at the fact-finding hearing, which is exactly the procedure employed by the court in the instant proceeding.
In a case decided subsequent to the enactment of subdivision (b) of section 739 of the Family Court Act, Judge Nanette Dembitz held that it was not only necessary to establish probable cause in order to permit extended detention, but also, good cause for delaying commencement of the fact-finding hearing beyond three days after the filing of the petition. (Matter of Renaldo Q., 83 Mise 2d 945.) In that case, good cause for postponement of the fact-finding hearing was the apparent inability to comply with the respondent’s request for the minutes of the victim’s testimony at the "probable cause” hearing, and the court directed that that testimony be deemed the victim’s testimony for purposés of the fact-finding hearing, with the opportunity for respondent’s counsel to conduct a de novo cross-examination.
The issue is presented in a somewhat novel manner in the instant proceeding because the respondent has challenged the procedure at the fact-finding stage. Nevertheless, the court believes the procedure used in this case to be proper, based, in part, upon the suggestion and/or directive contained in the above two reported decisions. As stated in the Matter of Renaldo Q. (supra), there may indeed be a tactical advantage to a respondent to require testimony and other evidence to be *1032 re-presented at a fact-finding hearing, but the court does not deem that this rises to a constitutional dimension. In this regard, it should be emphasized that the respondent was accorded the opportunity for a de novo cross-examination of the witnesses, there was no denial of any access to the previous testimony of those witnesses, and the respondent and his counsel were apprised of the procedure to be followed before the commencement of the "probable cause” hearing.
The provisions of CPL article 670, which permit the use of testimony received at a hearing upon a felony complaint at the subsequent criminal trial only on condition that the witness is unable to attend by reason of death, incapacity or cannot be located, are not necessarily analogous to this situation. Unlike a criminal proceeding, in which the trier of fact, whether a jury or Superior Court Judge, is different than the Judge who presided at the hearing upon the felony complaint, proceedings in Family Court under article 7 of the Family Court Act are frequently held before the same Judge. For example, in this proceeding, this part of Family Court heard both the "probable cause” and fact-finding hearings, and thus, there would be no prejudice to the respondent.
Based upon the evidence submitted for purposes of the fact-finding hearing, which in this proceeding consists solely of the evidence presented at the "probable cause” hearing, the court finds beyond a reasonable doubt that the respondent did commit an act or acts which would constitute the crime of attempt to commit the crime of robbery in the first degree in violation of section 110.00 and subdivision 3 of section 160.15 of the Penal Law of the State of New York. Specifically, the court determines beyond a reasonable doubt that the alleged victim, Charles McGinn, a 68-year-old male, was accosted by the respondent on April 2, 1979, on a public street in the City of Rochester. The respondent did demand money from Mr. McGinn while holding a dangerous instrument, to wit, a knife, and immediately before flight from the scene, swung the knife at his victim, causing the latter’s jacket to be cut, but no physical injury.
The respondent was between the ages of 7 and 16 at the time of the act, and therefore, the court adjudicates him a juvenile delinquent, and directs the Monroe County Probation Department to conduct an investigation for purposes of a dispositional hearing. The disposition in this proceeding will *1033 be scheduled on October 12, 1979, at 9:30 a.m. before this part of Family Court.