OPINION OF THE COURT
Richard D. Huttner, J.
Respondent was arraigned in Family Court, on a robbery charge, on Wednesday, December 12, 1979. By authority of section 739 (subd [a], pars [i], [ii]) of the Family Court Act he was remanded to the Commissioner of Juvenile Justice for secure detention, for a period of three days, pursuant to subdivision (b) of section 739 of the Family Court Act. In determining the remand period, the court excluded from its computation the intervening Saturday and Sunday, since they were not court (business) days. Consequently, respondent’s incarceration would have terminated on Monday, December 17, 1979, resulting in a detention period of five, not three days.
In this application for reargument, the respondent posits the view that Saturday, Sunday and legal holidays be included in reckoning the three-day remand period. The petitioner opposes this view and argues that Saturday, Sunday and legal holidays be excluded. Research fails to disclose any cases addressing this issue, and moreover there is a disparity in the application of subdivision (b) of section 739 of the Family Court Act in this State.
Subdivision (b) of section 739 of the Family Court Act provides: "Unless the respondent waives a determination that probable cause exists to believe that he is a juvenile delinquent or a person in need of supervision, no detention under this section may last more than three days (i) unless the court finds, pursuant to the evidentiary standards applicable to a hearing on a felony complaint in a criminal court, that such probable cause exists, or (ii) unless special circumstances exist, in which cases such detention may be extended not more than an additional three days exclusive of Saturdays, Sundays and public holidays. ” (Emphasis added.)
The statute sets forth two detention periods, an initial remand of "three days”, and a subsequent remand of "not more than an additional three days exclusive of Saturdays, Sundays and public holidays” (Family Ct Act, § 739, subd [b]). *365 Since the Legislature specifically addressed itself to the exclusion of Saturday, Sunday, and holidays in the case of the second remand, it is logical to assume that by virtue of the omission of the phrase "exclusive of Saturdays, Sundays and public holidays,” it was the legislative intent to in fact include the afore-mentioned days in the remand computation. To imply the exclusionary view with respect to the "first” remand, is to engraft both language and result, neither expressed nor intended by the Legislature. The function of the courts is to enforce statutes, not to usurp the power of the Legislature. (People v Friedman, 302 NY 75, app dsmd 341 US 907.) To interpret a statute where there is no necessity for interpretation, to conjecture, or to add to or to substract from words having a definite meaning, constitutes judicial trespasses upon the legislative domain. (Zaldin v Concord Hotel, 48 NY2d 107; City of Buffalo v Lawley, 6 AD2d 66; People v Florus, 67 Misc 2d 809.)
It is also noteworthy that section 20 of the General Construction Law provides for the inclusion of Saturdays and Sundays and public holidays in reckoning periods of days for the purpose of computing a time period.
Assuming arguendo that subdivision (b) of section 739 of the Family Court Act is vague and ambiguous, and requires judicial interpretation, then there are compelling reasons for including Saturday, Sunday, and legal holidays in the computation of the initial remand period. An adult defendant may post bail and secure his release prior to further judicial proceedings. The detained juvenile respondent does not enjoy reciprocal treatment, since bail is not a right afforded him in Family Court juvenile delinquency proceedings. (People ex rel. Wayburn v Shupf, 47 AD2d 79, 81.) Consequently, the juvenile’s release from detention prior to a probable cause hearing ought to occur with dispatch. The Supreme Court of the United States has held that it is constitutionally mandated in criminal cases that detention should not occur absent a finding of probable cause. (Gerstein v Pugh, 420 US 103.) This right is applicable to juveniles as well. (People ex rel. Kaufmann v Davis, 57 AD2d 597.)
Indeed, subdivision (b) of section 739 of the Family Court Act (with respect to the second remand period which occurs after a finding of probable cause) exlcudes from its computation intervening Saturdays, Sundays and public holidays. The exclusion which results in a longer remand period is consid *366 ered justified because probable cause has been found. Absent such a probable cause finding, Saturday, Sunday and public holidays must logically be included in the computation of the remand period to insure its brevity.
 An analogous statute, CPL 180.80, defines the criminal defendant’s right to release, or to a preliminary felony hearing within 72 hours of arraignment, in the event he is detained. It appears that this statute, in fact, served as a model for the enactment of subdivision (b) of section 739 of the Family Court Act. (Matter of Renaldo Q., 83 Misc 2d 945; People ex rel. Guggenheim v Mucci, 32 NY2d 307.)* Insight into the legislative intent, with regard to the enactment of CPL 180.80, is furnished by Judge Altman, one of the members of the Temporary State Commission on the Revision of the Penal Law and Criminal Code. This commission was primarily responsible for the drafting of CPL 180.80. Judge Altman in People v Lethenia (87 Misc 2d 713) states that it was the intent of the commission to include Saturdays, Sundays and legal holidays in the computation of the 72-hour detention period. The reason for such inclusion was to assure a probable cause hearing at the earliest practicable time. This is consonant with the view taken by this court, i.e., that Saturdays, Sundays and public holidays should be included in the remand which precedes the probable cause hearing under subdivision (b) of section 739 of the Family Court Act.
It is the decision of this court that the computation of the initial three-day remand period contained in subdivision (b) of section 739 of the Family Court Act include Saturdays, Sundays and public holidays.
Accordingly, the respondent is therefore paroled. This matter is adjourned to December 17, 1979, Part 5, for further proceedings.

 See Guggenheim, Pretrial Dentention of Juveniles, NYU, Nov. 10, 1975, p 1, col 1.