*315 OPINION OF THE COURT
Jeffry H. Gallet, J.
These two juvenile delinquency proceedings, in which the respondent is being detained and is charged with less than a C felony, raise questions of whether or when a respondent is entitled to a “probable-cause” hearing and under what conditions either a full fact-finding hearing or a probable cause hearing may be adjourned.
The controversy revolves around two seemingly inconsistent sections of the new article 3 of the Family Court Act, sections 325.1 and 340.1. There appears to be no case law to aid in interpreting those sections, but the cases construing the prior statute dealing with this subject are instructive. (See People ex rel. Guggenheim v Mucci, 32 NY2d 307; People ex rel. Kaufmann v Davis, 57 AD2d 597; Matter of Renaldo Q., 83 Misc 2d 945.)
Subdivision 1 of section 325.1 of the Family Court Act provides, in essence, that an incarcerated respondent, who denies the charges against him and is being held more than three days, is entitled to a probable cause hearing to determine whether it is reasonable to believe a crime has been committed and that the respondent committed it. (See, also, Family Ct Act, § 325.3, subd 1.) If probable cause is found, the court must then decide if continued detention is necessary. (Family Ct Act, § 325.3, subd 3.).
Subdivision 1 of section 340.1 of the Family Court Act provides, in essence, that the fact finding of a respondent in detention, accused of less than a class C felony, “shall commence no more than three days after the conclusion of the initial appearance” (arraignment), while the trial of an A, B or C felony must start within 14 days. Section 340.1 (subd 3, pars [a], [b]) allows the court, for “good cause shown”, to adjourn the fact finding for three days on application of the prosecution and 30 days at the request of the respondent. Subdivision 3 of section 325.1 provides for a three-day adjournment of a probable cause hearing on similar grounds.
The prosecution argues that a reasonable reading of the two statutes precludes a probable cause hearing for less than a C felony because the probable cause hearing is *316 replaced by a full fact-finding hearing. The defense argues that the Legislature intended a probable cause hearing for every offense where a respondent is detained. Neither is entirely correct.
Where the fact finding can be held in three days, or, with good cause shown for the delay, within six days, a probable cause hearing is not required. Even if the delay of the fact finding up to six days from arraignment is chargeable to the prosecution, a probable cause hearing is not required since a full trial within six days provides a “civilized procedure” to insure that a respondent is not unduly detained without due process of law and a probable cause hearing would serve no purpose. (People ex rel. Guggenheim v Mucci, supra; People ex rel. Kaufmann v Davis, supra.) This is particularly true when one considers that the respondent may only be detained those six days on order of a Family Court Judge at the arraignment. However, if the respondent is detained longer than six days before a fact finding, as permitted by section 340.1 (subd 3, pars [a], [b]) of the Family Court Act, a probable cause hearing is required.
Here, the prosecution requests an adjournment of docket number D.3274/84 because the arresting officer is on vacation. The prosecution informed the court that the only effort to secure the officer’s presence at trial was a telephone call to his precinct, during which the prosecution was informed that the officer was on vacation. Corporation Counsel’s cursory effort to secure the presence of the witness does not reach the level of due diligence. No attempt was made to determine if the officer was within the court’s territorial jurisdiction and subject to subpoena and no court-ordered subpoena was requested. Those facts do not constitute “good cause” as required by section 340.1 (subd 3, par [a]) and subdivision 3 of section 325.1 of the Family Court Act and the adjournment is denied. (Matter of Renaldo Q., supra.)
The defense requests an adjournment of docket number D.3317/84 based on the Law Guardian’s bald statement that discovery and suppression motions are necessary for an adequate defense. A lawyer’s unsupported opinion, without even a recitation of the underlying facts upon *317 which the opinion is based, does not reach the standard of “good cause” required by the statute. Such statements alone would not constitute “good cause” without an additional showing that the motions are necessary and that the defense made a reasonable effort to move orally or by order to show cause for the appropriate relief so as not to unduly delay the fact finding. Here, however, the transcript of the arraignment shows that the court, in error, told the Law Guardian that she need not be ready for trial in three days. Therefore a showing of reasonable effort will not be required, however, no showing of necessity has been made and the request for an adjournment is denied. (Matter of Renaldo Q., supra.)
The Legislature, by requiring both the prosecution and the defense to show “good cause” for an adjournment of either the trial or the probable cause hearing of a detained respondent, has given the court an independent duty to insure that neither the trial, nor, where appropriate, the probable cause hearing, is unduly delayed. By statute the court is required to apply the same standard to each side and may not abdicate its judicial function to the judgment of either defense counsel or prosecutor, however well intentioned they may be or how sincerely they hold their opinions. Before an adjournment is granted, the party seeking the adjournment must show good cause by relating the underlying reasons for the delay to the court. Accordingly, both proceedings are set for trial.