The People of the State of New York ex rel. Shari Vrod, on Behalf of Jose N., Petitioner, v Ellen Schall, as Commissioner of the New York City Department of Juvenile Justice, Respondent.

Supreme Court, Bronx County, February 27, 1989

## APPEARANCES OF COUNSEL

*Shari Vrod, Law Guardian,* for petitioner. *Peter L. Zimroth, Corporation Counsel (Robin Nussbaum* of counsel), for respondent.

## OPINION OF THE COURT

Emily Jane Goodman, J.

Jose N., an infant, proceeding by his Law Guardian, brings

this writ of habeas corpus to secure his release from Spofford, a juvenile detention center.

Based on certain accusations in a Family Court petition, Jose N. appeared in Bronx Family Court on Friday, January 27, 1989, at which time a probable cause hearing was scheduled for Wednesday, February 1, 1989.

Both sides agree the Family Court Act mandates that a probable cause hearing be held within three days of the initial appearance if the infant denies the charges contained in the petition and is detained. The issue to be determined, however, is how these three days are to be calculated and whether the date scheduled herein exceeds the statutory three-day time limit.

The relevant section of the Family Court Act reads as follows:

"1. At the initial appearance, if the respondent denies a charge contained in the petition and the court determines that he shall be detained for more than three days pending a fact-finding hearing, the court shall schedule a probable-cause hearing * * *

"2. *Such probable-cause hearing shall be held within three days following the initial appearance* or within four days following the filing of a petition, whichever occurs sooner.

"3. For good cause shown, the court may adjourn the hearing for no more than *an additional three court days.*" (Family Ct Act § 325.1 [emphasis added].)

The Law Guardian, on behalf of petitioner, argues that three days from Friday is Monday, and not Wednesday which is the hearing day set by the Family Court. Her position is that subdivision (2) of the statute is clear, unambiguous and is intended to refer to calendar days.

Corporation Counsel, on behalf of respondent herein, argues that Wednesday is, in fact, the third day and that the statute should be interpreted as providing for three court days and not three calendar days. They further argue that the inclusion of holidays or weekends in the calculation of the three days would leave insufficient time for the respondent to prepare for a hearing.

As another alternative, Corporation Counsel argues that even if Family Court Act § 325.1 (2) contemplates calendar days, section 325.1 (3) permits an adjournment on the scheduled hearing day for still an additional three *court* days upon a showing of good cause. Thus, it is claimed, since the statute

provides two three-day remand periods, the juvenile here was not denied his rights when he was remanded from Friday until Thursday at the outset.

(Neither side raises the question of whether the day of the initial appearance should be counted and, therefore, it being unnecessary to a determination here, the court will not address it either *[see, People ex rel. Neufeld v McMickens,* 70 NY2d 763; *People v Stiles,* 70 NY2d 765].)

The respondent's position is not supported by statute, case law, or rules of construction. There has been almost no litigation on this issue and there are no appellate court decisions. The only reported case supports the petitioner's position *(Matter of Kenneth D.,* 102 Misc 2d 363 [Fam Ct, Kings County 1979]). The court in that case, in reviewing Family Court Act § 739, the predecessor to the statute in issue here, found that a probable cause hearing must be held within three *calendar* days.

This court agrees with the holding in *Kenneth D. (supra).* The Legislature saw fit to establish a swift probable cause hearing reflecting the view that the denial of liberty is inconsistent with society's notions of how children should be treated, and yet permitting detention prior to the hearing as a way to protect other State interests. (Family Ct Act §§ 325.1, 320.5 [3]; *Schall v Martin,* 467 US 253 [1984].)

Unlike adults who do have the right to have bail set at the initial court appearance in almost all criminal cases of even the most serious type, children are detained in the first instance with no finding of probable cause and without the right to have bail set *(Schall v Martin, supra).* That is, they may be preventively detained (Family Ct Act § 320.5 [3] [b]). The Court of Appeals has warned that "[i]t would take a distorted view to believe that adult felony criminal proceedings were designed to be more tender of the rights of detained adults than the Family Court proceedings are of juveniles. It is obvious that the purpose was just the other way: juveniles are entitled to speedier fact-finding hearings than adult criminals" *(People ex rel. Guggenheim v Mucci,* 32 NY2d 307, 313). Therefore, it is imperative that a hearing take place without delay.

Because the statute is designed to protect the rights of detained children, it is to be construed restrictively rather than liberally. *(See, People ex rel. Guggenheim v Mucci, supra,* at 313.) As regards any State action which deprives a citizen

of his or her constitutionally guaranteed right to liberty, there must be procedural safeguards adequate to insure due process *(Schall v Martin, supra,* at 264, citing *Mathews v Eldridge,* 424 US 319, 335 [1976]; *Gerstein v Pugh,* 420 US 103, 114 [1975]). The Family Court Act, as it pertains to juvenile detainees, has been held to contain sufficient safeguards *(Schall v Martin, supra).* Such safeguards are meaningless if they are not to be applied with the utmost precision.

The statute herein is analogous to CPL 170.70 which applies to misdemeanors and CPL 180.80 which applies to felonies. Both refer to the point in time when some legal action (comparable to the probable cause hearing here) must be taken or the accused must be released.

However, in both CPL sections, the Legislature expressly stated its intention, and made provisions regarding weekends and holidays (in the case of CPL 180.80) and Sundays (in the case of CPL 170.70). Here, the Legislature did not do that.

Had the Legislature wished to make special provisions for weekends and holidays in calculating when probable cause hearings for juveniles must be held, it would have done so. In fact, within the same statute, the Legislature provided for a second remand period which it expressly stated is to be calculated in *court* days (Family Ct Act § 325.1 [3]). "[C]ourts may not read into a law any word or provision unless good grounds appear for thinking that the lawmakers intended to include something which they have failed to plainly express." (McKinney's Cons Laws of NY, Book 1, Statutes § 92, at 185.) Absent any good basis shown, this court must not assume that the Legislature would use *court* days in one paragraph and not the other, yet mean for it to apply to both.

The Practice Commentary also takes the view that Family Court Act § 325.1 (2) contemplates calendar days. (Sobie, Practice Commentary, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 325.1, at 398.) The same conclusion is reached by applying the rules of statutory construction which instruct that "[a] number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of *calendar* days" (General Construction Law § 20 [emphasis added]).

Regarding the Corporation Counsel's point that it is impractical to prepare for a hearing within three calendar days, it is unnecessary for me to rule on whether that is accurate or whether that is good cause to seek an adjournment. That is an

application to be made in Family Court. Suffice it to say, for purposes of this decision, such argument is misplaced here.

Both sides herein have stipulated that because a hearing will have taken place before the decision or order on the writ of habeas corpus and because both sides wish to have a determination due to the public importance of the issue, and the likelihood of the controversy recurring and the probability that the substantial issue would never be resolved since it would always be mooted out by a hearing, both sides have stipulated not to argue mootness. *(People ex rel. Vancour v Scoralick,* 140 AD2d 658; *People ex rel. Guggenheim v Mucci, supra; People ex rel. Barna v Malcolm,* 85 AD2d 313.)

This court finds that Family Court Act § 325.1 contemplates and requires a probable cause hearing to be scheduled within three calendar days of the initial appearance.