OPINION OF THE COURT
Mortimer Getzels, J.
Respondent, charged with robbery in the first degree (Penal Law § 160.15) and robbery in the second degree (Penal Law § 160.10), moves to dismiss the petition pursuant to Family Court Act §§ 310.2 and 340.1 and US Constitution 6th and 14th Amendments for violation of his right to a speedy trial.
On April 8, 1985 respondent was arraigned in Part A and paroled for a fact-finding hearing in Part 4 on May 9, 1985. On May 9, respondent having filed an omnibus motion, fact finding was adjourned to June 11. On May 20 that part of the motion seeking to suppress an identification was granted to the extent of ordering a Wade hearing to immediately precede fact finding. On June 11 the Law Guardian was engaged on trial in another part, and the case was adjourned to August 6. On that date the People were not ready because the complaining witness was out of the country and would not return until *947 the end of the month. The case was adjourned to September 10, when the People were again not ready because a new Assistant District Attorney had just been assigned. The case was adjourned to September 27, the day hurricane Gloria struck the metropolitan area and compelled adjournment to the first available date in October.
In opposition to the motion to dismiss the People maintain that they were ready on May 9; that the time between May 20 and June 11 is not chargeable to the People; that the absence of the complaining witness from the country on August 6 constitutes a "special circumstance”, since as a minor he was in no position to exercise a choice as to whether or not to go with his family to the Dominican Republic; and that the People again answered ready on September 27.
Family Court Act § 310.2 provides that a respondent is entitled to a speedy fact-finding hearing. Family Court Act § 340.1 provides that where a respondent is not in detention, fact finding shall commence not more than 60 days after the conclusion of the initial appearance except that the court on its own motion or on motion of either party may adjourn fact finding for not more than 30 days upon a showing of special circumstances which "shall not include calendar congestion or the status of the court’s docket or backlog.”
These provisions echo CPL 30.20, "Speedy trial; in general” and 30.30, "Speedy trial; time limitations”, respectively. CPL 30.30 provides in effect that a motion to dismiss must be granted where the People are not ready for trial within fixed time limits depending upon whether a felony, misdemeanor, offense or violation is charged, with provision for excluding certain periods from computing the time.
Family Court Act § 303.1, "Criminal procedure law”, provides as follows:
"1. The provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribéd by this act.
"2. A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.”
The thrust of the People’s argument is that the court should be guided by cases interpreting analogous provisions of the Criminal Procedure Law in determining whether respondent has been denied a speedy trial under the Family Court Act.
*948 While the provisions of the respective statutes are similar, they are not truly congruent. CPL 30.30 mandates dismissal where the prosecution is not ready for trial, with a list of enumerated exclusions from computing time lapses not chargeable to the People. The plain language of Family Court Act § 340.1 places the onus on the court to commence fact finding within a prescribed limit with no provision for excluding periods from computing time and no sanction for failure to comply.
Accordingly, the court must look within the four corners of Family Court Act article 3 to determine the issue. Reading Family Court Act §§ 310.2 and 340.1 together, it would appear to be the intendment of the statutory scheme that if fact finding in a delinquency proceeding is not commenced within a fixed maximum period after the initial appearance, respondent has been denied the right to a speedy trial. The clock is set at 90 days. Its ticking is not stayed by the engagement of counsel elsewhere, the rotation policy of the District Attorney’s office, family vacation plans, or, for that matter, by an act of God.
One hundred-twenty days having elapsed on August 6, 1985, 155 on September 16, 1985 and 172 on September 27, 1985 without fact finding, the motion to dismiss is granted. Adjourned date of October 23, 1985 is vacated.