OPINION OF THE COURT
Carmen J. Cognetta, J.
Respondent has made a motion requesting that the petition in this matter be dismissed pursuant to Family Court Act § 332.1 (8), in that the presentment agency has not speedily prosecuted this case.
The relevant dates and reasons for adjournments are as follows:
June 5 — July 12 (36 days) — Initial appearance held on June 5; case adjourned to July 12 for motions.
July 12 — September 13 (63 days) — Motions decided on July 12; set down for September 13 for fact finding. Long adjournment due to the fact that court could not set a trial date until *929 late August and at that time respondent’s attorney was due to be on vacation.
September 13 — September 30 (7 days) — Case was advanced on July 29, and a later date for fact finding selected due to the fact that a neglect case had been scheduled for trial on September 13, and this case would be unable to be heard.
September 30 — November 4 (35 days) — Presentment agency requested adjournment to obtain minutes from a preliminary hearing. Respondent’s attorney requested dismissal on speedy trial grounds; oral request denied by Judge Daniel D. Leddy, Jr., who granted one further adjournment.
November 4 — November 13 (9 days) — Both sides ready; court unable to hear case due to heavy calendar.
November 13 — December 17 (34 days) — Presentment agency not ready. The complaining witness failed to appear.
Family Court Act § 310.2 must be read in conjunction with section 340.1 which states that, if the respondent is not in detention, the fact-finding hearing shall commence not more than 60 days after the conclusion of the initial appearance. In addition, the court may adjourn the fact-finding hearing for a further 30-day period for good cause shown. It is also clear from case law (People v Stanton, 71 AD2d 932) and CPL 30.30 that delays caused or consented to by respondent will not be charged to the presentment agency when determining whether the case has been prosecuted in a timely fashion.
The court is aware of the recent decision, Matter of Steven C. (129 Misc 2d 946), wherein Judge Getzels held that the Family Court should not look to the case law interpreting CPL speedy trial provisions (Family Ct Act §§ 310.2, 340.1). Judge Getzels reached this decision by finding that, while the Family Court Act and CPL speedy trial provisions "are similar, they are not truly congruent” (p 948). Thus, he said the court was restricted to the "four corners” of the Family Court Act. Unlike the CPL, the Family Court Act fails to provide for excluding certain periods of time chargeable to the presentment agency. Limited to this strict reading of the Family Court Act, the court was compelled to state that the ticking of the 90-day clock cannot be stayed.
This court respectfully disagrees with the decision in Matter of Steven C. (supra) and holds that Family Court is not precluded from reference to either case law interpretations of the CPL or the CPL itself in construing the Family Court Act speedy trial provisions. Included, inter alia, in the CPL’s *930 enumerated periods not to be charged against the prosecution are delays requested by or on consent of the defendant; delays resulting from defendant’s absence; reasonable period for pretrial motions; and delay caused by exceptional circumstances. (CPL 30.30 [4].) If the holding in Matter of Steven C. (supra) were followed, it could result in unjust outcomes. For example, if the respondent can delay the case for 90 days, while the presentment agency is ready to proceed, then the case must be dismissed. Surely, the Legislature could not have intended such a result, and statutes must be construed so as to facilitate justice. (McKinney’s Cons Laws of NY, Book 1, Statutes § 146.)
Family Court Act § 303.1 (2) expressly provides that: "A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.” In addition to judicial interpretations, resort may be made to CPL provisions to aid in interpreting Family Court Act provisions. It was so held in Matter of Rodney J. (108 AD2d 307 [1st Dept 1985]). Making reference to CPL 190.65 (1) (a), the court mandated a corroboration requirement for an out-of-court confession in a juvenile delinquency proceeding even though missing from the express language of the Family Court Act. The court also found the CPL definition of "supporting deposition * * * to be a useful guideline” (p 314) in construing the Family Court Act, which lacked any such definition.
This court finds that the speedy trial provisions of the CPL and the Family Court Act are not only similar, as acknowledged in Matter of Steven C. (supra), but sufficiently similar to justify the invocation of Family Court Act § 303.1 (2) and reference to the CPL speedy trial provisions. The purposes of the provisions and their constitutional underpinnings are substantially the same. The omission of detailed exceptions from the Family Court Act speedy trial provisions does not render the court powerless to consider such varying circumstances. The court must look to each individual case and determine why the delay was caused and whether it should be chargeable to the presentment agency, employing the CPL and its case law for assistance as appropriate.
It should be noted that this utilization of the CPL to construe similar Family Court Act provisions is not equivalent to holding that CPL provisions are applicable to Family Court *931 proceedings when no similar Family Court Act provisions are extant, which is prohibited under Family Court Act § 303.1 (1).
In this particular case, the first 36-day adjournment for motions cannot be chargeable to the presentment agency. This adjournment was solely for the benefit of the respondent and is basically at the respondent’s request. (See, CPL 30.30 [4] [a].)
The 63-day adjournment from July 12 to September 30 should be partially chargeable to the presentment agency. This case would normally havé been adjourned to mid-August for fact finding, time that would be chargeable to the presentment agency. However, the respondent’s attorney was to be on vacation at the time, so the case was adjourned to a later date at the request of the respondent’s attorney and on consent. Therefore, 30 days shall be chargeable to the presentment agency; the remainder shall not be. (See, CPL 30.30 [4] [b].)
The next major adjournment was for 35 days from September 30 to November 4, due to the fact that the presentment agency did not have preliminary hearing minutes available that would be necessary to be turned over to the respondent during the fact-finding hearing. The period is chargeable to the presentment agency, thereby completing the 60 days within which the presentment agency must commence a fact finding, as stated under Family Court Act § 340.1. (See, People v Darrah, 29 AD2d 816; People v Pardner, 90 AD2d 987.) However, Judge Daniel D. Leddy, Jr., on that date found that he should grant one further adjournment, pursuant to Family Court Act § 340.1 (3) (a), based upon a showing of good cause by the presentment agency in that they were unaware that testimony had been taken at a preliminary hearing and had just been made aware of that fact.
That leads us to the next major adjournment, November 13 —December 17, for 34 days. This last adjournment was granted due to the fact that the complaining witness did not appear and the presentment agency was unable to proceed. At this point, the presentment agency has used up the original 60 days within which to commence the fact finding, plus one 30-day adjournment for good cause. Family Court Act § 340.1 (5) allows successive motions to adjourn the fact-finding hearing, but only if there is a showing of special circumstances. The presentment agency concedes that the complaining witness did not appear on the fact-finding date because he forgot the date, obviously not a showing of special circumstances. Therefore, this court could not grant the last adjournment and the *932 case must be dismissed pursuant to Family Court Act § 332.1 (8); §§ 340.1 and 310.2.
It should be noted that two short adjournment periods, September 13 — September 30, for seven days, and November 4 —November 13, for nine days, were not discussed. These adjournments were due to unique situations of the court calendar control, and this court need not reach a decision as to how this time is to be charged. Whether they were charged to the presentment agency or the respondent would not affect the outcome of this decision.
The petition hereby is dismissed and sealed.