In the Matter of VINCENT M., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, February 24, 1987

### APPEARANCES OF COUNSEL

*Mary Agnes Lynch* of counsel *(Mark Dwyer* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Dustin P. Ordway* of counsel *(Lenore Gittis,* attorney), for respondent.

### OPINION OF THE COURT

Asch, J.

Respondent was indicted, before his 16th birthday, together with four adults for the crimes of robbery in the second degree and riot in the second degree (Penal Law § 160.10 [1], [2] [a]; § 240.05). It was alleged that respondent beat and robbed the male complainant on the New York subway.

On July 9, 1985, the Supreme Court ordered the case against Vincent M. removed to Family Court pursuant to CPL 210.43 and article 725, since the infliction of physical injury by the respondent upon the complainant was not alleged by the People and a reading of the Grand Jury minutes caused the court to doubt whether "the People could make out at trial the physical injury element of the robbery in the second degree charge". Respondent was paroled to his mother. The matter was adjourned to September 23, 1985. His attorney served an omnibus motion on the District Attorney's office (which continued to prosecute respondent in Family Court) on August 30, 1985. Motion practice was apparently completed on September 18, 1985.

On September 23, the Assistant District Attorney requested an adjournment on the grounds that he was on trial. On the date to which the matter had been put over, October 21, another adjournment was requested because the case had been newly assigned to a different Assistant District Attorney. On November 7, yet another adjournment was requested. The Assistant District Attorney claimed that he had not yet obtained *Rosario* material, consisting of the testimony of the arresting officer at a *Wade* hearing held on October 31 of a codefendant. The court adjourned the matter to November 15.

On November 15, the prosecution was ready but the respondent's Law Guardian was engaged. On the next adjourned date, December 4, the complainant did not appear. The Assistant District Attorney stated that complainant was suffering from a "cold", but no medical evidence or details verifying that illness were produced.

A further adjournment, for the convenience of the arresting officer, was granted and the matter was adjourned to January 3, 1986.

Before then, respondent's counsel moved for an order, pursuant to Family Court Act §§ 310.2 and 340.1, dismissing the petition for failure to proceed in a timely fashion, and on the adjourned date the Family Court granted that motion.

Family Court Act § 310.2 expressly provides that: "After a petition has been filed, the respondent is entitled to a speedy fact-finding hearing." The term "speedy" as used in this section is spelled out in various other sections of the Family Court Act which set specific time limits governing each stage of a delinquency proceeding. Thus, Family Court Act § 340.1 reads in pertinent part:

"§ 340.1 Time of fact-finding hearing * * *

"2. If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision three.

"3. The court may adjourn a fact-finding hearing:

"(a) on its own motion or on motion of the presentment agency for good cause shown for not more than three days if the respondent is in detention and not more than thirty days if respondent is not in detention; provided, however, that if there is probable cause to believe the respondent committed a homicide or a crime which resulted in a person being incapacitated from attending court, the court may adjourn the hearing for a reasonable length of time; or

"(b) on motion by the respondent for good cause shown for not more than thirty days; or

"(c) on its own motion for not more than six months if the proceeding has been adjourned in contemplation of dismissal pursuant to section 315.3.

"4. The court shall state on the record the reason for any adjournment of the fact-finding hearing.

"5. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."

It is uncontroverted that respondent did not receive a fact-finding hearing within the initial prescribed period of 60 days nor within the 90-day period allowed upon a showing of "good cause" (subd [3]), nor were "special circumstances" (subd [5]) shown to excuse the delay beyond 90 days. In fact, 161 days

passed after the initial appearance without commencement of the fact-finding hearing. The circumstances which led to the multiplicity of adjournments granted to the District Attorney, as detailed above, did not constitute "good cause" or "special circumstances" within the meaning of the statute.

Although the provisions of the Criminal Procedure Law do not apply to juvenile delinquency proceedings unless specifically prescribed (Family Ct Act § 303.1 [1]), the Family Court may consider judicial interpretations of the Criminal Procedure Law as an aid in interpreting similar provisions of the Family Court Act. Accordingly, appellant analogizes Family Court Act § 310.2 to CPL 30.20, which sets forth the right to a speedy trial without giving explicit time limitations, citing *People v Taranovich* (37 NY2d 442) for its position that respondent's right to a speedy trial was not violated.

However, in *Taranovich (supra),* the criminal action was commenced prior to the effective date of CPL 30.30, which provided for specific time periods. Thus, the Court of Appeals, in that case, decided that defendant was not deprived of his constitutional right to a speedy trial. It enumerated five factors to be considered in evaluating such a claim. While respondent did not expressly appeal any violation of his constitutional right to a speedy trial, the speedy trial provisions in the Family Court Act are "rights * * * *in addition* to those already vested by the Constitution." *(Matter of J. V.,* 127 Misc 2d 780, 782; emphasis added.)

We further agree with the Family Court herein, which found that: "The plain language of Family Court Act Section 340.1 places the onus on the court to commence fact finding within a prescribed limit with no provision for excluding periods from computing time". *(Accord, Matter of Steven C.,* 129 Misc 2d 946; *but see, Matter of Rodney M.,* 130 Misc 2d 928.)

Appellant's position that invocation of these speedy trial provisions would lead to widespread dismissal of delinquency cases lacks substance. Family Court Act § 340.1 allows successive adjournments and "special circumstances". It also permits adjournments for "a reasonable length of time" where there is probable cause to believe the respondent committed a homicide or a crime resulting in a person being incapacitated from attending court. This affords flexibility to Family Court Judges presented with motions involving speedy trial violations. In addition, we note that dismissal for such violations is

never automatic but lies in the discretion of the court. We emphasize that the Family Court properly exercised that discretion in this case where 161 days had elapsed without commencement of the fact-finding hearing and without a satisfactory excuse for such delay, i.e., "special circumstances", established in the record by the presentment agency.

The sanction of dismissal, although "more serious than an exclusionary rule or a reversal for a new trial", is "the only possible remedy" for such egregious violation of the speedy trial right *(see, Barker v Wingo,* 407 US 514, 522). Moreover, the Legislature has provided the remedy of dismissal if a respondent's rights under section 310.2 are denied (Family Ct Act § 332.1 [8]). In similar cases, we have upheld such dismissals for failure to comply with this speedy trial mandate *(Matter of Robert G.,* 120 AD2d 997; *Matter of Clay,* 121 AD2d 851, *lv granted sub nom. Matter of Frank C.,* 69 NY2d 603).

Accordingly, the order of the Family Court, New York County (Mortimer Getzels, J.), entered January 3, 1986, granting respondent Vincent M.'s motion to dismiss the petition, should be affirmed, without costs and without disbursements.

MURPHY, P. J., SANDLER, CARRO and MILONAS, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on January 3, 1986, unanimously affirmed, without costs and without disbursements.