■ In the Matter of JUAN V., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New

York County (Bruce M. Kaplan, F.C.J.), entered December 12, 1988, adjudicating the respondent-appellant a juvenile delinquent and placing him on probation for one year, unanimously reversed, on the law, and the delinquency petition dismissed, without costs.

Family Court Act § 340.1 requires that if the respondent is not in detention, a fact-finding hearing shall commence not more than 60 days after the initial appearance with a provision for adjournments up to 30 days for good cause shown. The hearing here took place 144 days after respondent's initial appearance, well after the expiration of the statutory time limit. Among other factors, the Family Court Judge, who had a heavy calendar, was unable to schedule the matter prior to the commencement of his vacation.

The Court of Appeals, in *Matter of Frank C.* (70 NY2d 408, 413), while suggesting that the question of " 'special circumstances' " must be decided on a case-by-case basis, specifically noted the legislative decision to preclude " 'court congestion' and other docket problems" as permissible grounds for delay. Thus, a heavy docket and vacation time do not fall within the realm of permissible special circumstances. We note, moreover, that the petitioner-respondent concedes that the petition should have been dismissed on speedy trial grounds. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.