■ In the Matter of RANDY K., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, Bronx County (Marjory D. Fields, F.C.J.), entered March 1, 1989, which, after a finding that appellant had committed an act which, if committed by an adult, would have constituted the crimes of robbery in the first and second degrees, committed him to the supervision of the Division for Youth, Title III, a nonsecure facility, is reversed, on the law, and appellant's motion to dismiss the petition granted, without costs or disbursements.

Family Court Act § 310.2 provides that after a petition has been filed, respondent is entitled to a speedy fact-finding hearing. Family Court Act § 340.1 (2), with respect to the time of a fact-finding hearing, provides that "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance", with certain specified exceptions. Subdivision (3) (a) of Family Court Act § 340.1 provides, as exceptions, that the court may adjourn a fact-finding hearing on its own motion or on the motion of the presentment agency, for good cause shown, for "not more than thirty days if the respondent is not in detention" (with other exceptions not applicable here). Furthermore, successive motions to adjourn the fact-finding hearing "shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog" (Family Ct Act § 340.1 [5]).

In the instant case, the underlying petition was filed on February 17, 1988 and respondent was arraigned on May 26, 1988, following the issuance of a bench warrant, and was paroled with a return date of July 8, 1988. Respondent then failed to appear on July 8th, and a bench warrant was issued. Respondent was involuntarily returned on the warrant on December 5, 1988. The matter was adjourned on December 5th until December 12th, for the court to rule on motions; on

December 12th, respondent's motions were denied and the matter was adjourned until January 20, 1989, for trial, at which time respondent's motion to dismiss pursuant to Family Court Act § 340.1 was denied, without prejudice to renew, and the matter was adjourned for trial to January 25, 1989.

The People concede that the initial 43-day period from May 26 to July 8, 1988 is calculable time. With respect to the 150-day period from July 8 to December 5, 1988, petitioner alleges that respondent should not benefit from his voluntary unavailability. With respect to the last 46-day period from December 5, 1988 to January 20, 1989, petitioner alleges that adjournments were ordered because of special circumstances, i.e., a new presiding Judge and a new Assistant District Attorney presenting petitioner's case. The period from January 20 to January 25, 1989 is not contested by respondent, since a motion for adjournment for good cause (respondent's detention in Westchester County) was granted by the Family Court.

The fact-finding hearing should have commenced within 60 days of respondent's arraignment on May 26th, or within 90 days of the arraignment, upon a motion by the court or petitioner for "good cause shown" (Family Ct Act § 340.1 [3] [a]). Further, after the expiration of the 90-day period, there should have been applications for adjournments for successive 30-day periods upon a showing, in the record, of "special circumstances" (§ 340.1 [5]). While the voluntary departure of the respondent may constitute such special circumstances, it does not excuse petitioner from obtaining such successive adjournments from the court. "[S]ection 340.1 leaves no room for the contention that delays outside of the presentment agency's control should not provide a basis for the remedy of dismissal. Unlike CPL 30.30, Family Court Act § 340.1 is a true 'speedy trial' provision, in that both its language and its underlying purpose are directed toward bringing the accused juvenile to trial within a specified 60- to 90-day period (barring 'special circumstances'). Indeed, the legislative decision expressly to preclude 'court congestion' and other docket problems as permissible grounds for successive adjournments furnishes a clear indication that in adopting section 340.1 the Legislature meant to address all of the sources of delay within the system and not just those connected with the presentment agency. Moreover, the fact that the Legislature enacted the statute despite the concerns expressed by some regarding the undue burden its strict time limitations would impose on the Family Court system *(see,* Bill Jacket, L 1982, ch 920, Mem of Office of Court Administration; Mem of Association of Judges

of Family Court of State of NY) strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to the paramount." *(Matter of Frank C.,* 70 NY2d 408, 413-414.)

Thus, once 60 days and 90 days have elapsed from a respondent's initial appearance, successive motions for adjournments may be obtained for no more than 30 days each. The Family Court may grant such motions on the ground that respondent's failure to appear constitutes either good cause (after 60 days) or special circumstances (after 90 days). "This statutory scheme insures that, but for 'special circumstances', the prosecutor and the court are taking reasonable steps to secure the mandated speedy trial for the respondent by monitoring delays, giving notice and allowing the court to assist in securing a speedy trial. For example, problems with the execution of a bench warrant may constitute special circumstances brought to the court's attention, to allow it to take appropriate action and/or grant an adjournment." *(Matter of Lamb,* 140 Misc 2d 502, 506.)

Since petitioner did not avail itself of the statutory provisions for obtaining adjournments, there is no record of adjournment requests to review. We have previously affirmed the dismissal of a petition after the passage of the 90-day period "without a satisfactory excuse for such delay, i.e., 'special circumstances', *established in the record by the presentment agency" (Matter of Vincent M.,* 125 AD2d 60, 64, *affd* 70 NY2d 793; emphasis added).

In any event, even if one were to exclude from calculable time, without the necessity for a motion and a showing of special circumstances by the petitioner during that period, the 150-day period during which respondent had absconded, the 46-day period between December 5, 1988 and January 20, 1989 would constitute calculable time. There has been no real showing of any special circumstances for those adjournments and the circumstances alleged by petitioner are not reflected in the record before us. There is no indication there that adjournments were sought to allow a new Judge or prosecutor to properly prepare the case. (It is doubtful, in any event, that this would constitute good cause or special circumstances under Family Ct Act § 340.1 [3] [a]; [5].) This period, added to the 43-day period conceded by the People to be calculable time, exceeds the maximum 90-day period (Family Ct Act § 340.1). Concur—Murphy, P. J., Asch, Wallach and Rubin, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The appellant who, if an adult, would be guilty of robbery in the first degree, is here allowed to go free on the strange conclusion that the period during which he voluntarily absconded (and was involuntarily returned on a bench warrant 150 days later) required motions for adjournment by the People. *(See, People v Esteves,* 41 NY2d 826, 827.)

The fact-finding hearing could have taken place on July 8, 1988, 43 days after his arraignment and concededly within the mandated time, if the juvenile had not absconded.

Because of the juvenile's absence, the cast of characters changed, and understandably so. There was a new Judge presiding and a new prosecutor. When he was returned on the warrant, on December 5, 1988, there was an adjournment so that the court could rule on an outstanding omnibus motion made by defense counsel. Between January 20 and January 25, 1988 there had to be an adjournment because he was in detention in Westchester County.

The petition should not be dismissed. To do so is an abuse of discretion. *(Cf., Matter of Vincent M.,* 125 AD2d 60, 63-64.) The holding in *Matter of Frank C.* (70 NY2d 408) does not mandate otherwise. In fact, the very quotation therefrom, relied upon by the majority as mandating strict compliance with the speedy trial provisions of the Family Court Act, including the conditional language "(barring 'special circumstances')" *(supra,* at 413). As Judge Titone, in writing for a unanimous court, stated, there is a degree of flexibility on the time limitation for " 'good cause' " shown or " 'special circumstances' ". (70 NY2d, *supra,* at 411.) Here we have it.