# In the Matter of DETRECE H., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, December 13, 1990

APPEARANCES OF COUNSEL

*Susan K. Knipps* of counsel *(Lenore Gittis,* attorney), for appellant.

*Robert L. Moore* of counsel *(Susan L. Valle* with him on the brief; *Robert T. Johnson, District Attorney,* attorney), respondent *pro se.*

## OPINION OF THE COURT

CARRO, J.

An adult who is charged with crimes is entitled to have the charges against him dismissed where he is denied the right to a speedy trial; similarly, a juvenile who is charged with committing acts which would constitute crimes if committed by an adult must be granted a dismissal of the charges where, as here, the right to a speedy fact-finding hearing has been violated. This principle is grounded in considerations of fairness to the accused and the need for efficiency in the courts. The sole issue in the case at bar involves whether dismissal of the presentment agency's petition against respondent is mandated because the fact-finding hearing was delayed beyond the time limits enumerated in Family Court Act § 340.1. We answer this question in the affirmative and, accordingly, dismiss the charges.

The underlying facts of this case are easily summarized. On January 8, 1989, respondent-appellant Detrece H. (respondent) was arrested and charged with robbery in the first degree, criminal possession of stolen property in the fifth degree and criminal possession of a weapon in the fourth degree. The allegations concerned an incident that same day during which respondent put a knife to the throat of a 12-year-old eighth grader who was, along with two other girls, on her way home from school; respondent then unclipped the child's earrings and, along with 2 or 3 young cohorts, pushed and shoved the schoolgirls. One of the schoolgirls called the police and a trio, including respondent, was arrested shortly thereafter. Police officers recovered the earrings and a knife from respondent, who made several inculpatory statements.

On March 23, 1989, Criminal Court ordered the case against respondent and a corespondent removed to Family Court. Respondent's initial appearance in Family Court was on May 25, 1989, at which time the case was adjourned to July 13, 1989, at the presentment agency's request. Respondent filed an omnibus motion, returnable July 5, 1989. On that date, the

previous adjourn date of July 13 was vacated and the case was adjourned to July 14, 1989. The presentment agency did not declare readiness on that date, on which the court rendered a decision on the omnibus motion. It is noteworthy that on July 14, 1989, the presentment agency informed the court that July 24, 1989 represented the 60th day after respondent's initial appearance for speedy trial purposes. Nevertheless, the court adjourned the case to August 8; this scheduling was to accommodate the vacations of the court and counsel. Without any explanation on the record the August 8 date was later changed, on August 3, 1989 to an adjourn date of August 25.[1]

On August 25, respondent was not produced in court by the Division for Youth (DFY), in whose custody she had been placed for 18 months on another, unrelated delinquency matter.[2] The record reflects that the explanation as to why respondent was not produced was "because of staffing problems due to the summer months and special activities going on in [the] DFY facility." Conspicuously absent from the record was any elucidation regarding what "special activities" precluded respondent's production. Because respondent's Law Guardian declined to waive either respondent's appearance or her speedy trial rights, the court severed the instant case from that of the corespondent and proceeded to conduct the corespondent's suppression hearing.

Also, on August 25, the presentment agency urged that any adjournment of respondent's case was justified, insofar as speedy trial time was concerned, by "good cause". The court flatly and correctly rejected this contention, noting that it did not constitute good cause "that the Division for Youth chose for whatever their reason not to produce her." The court, later reaffirming its finding that any adjournment was not for good cause, stated, "Division for Youth is obligated to provide proper staffing to bring people to Court when they have to come." The case was nevertheless adjourned for another four days, to August 29, 1989, which date was either 96 or 92 speedy trial days after respondent's initial appearance, according to respondent and the presentment agency, respectively, but in any event, in excess of 90 days later.

On August 29, DFY did produce respondent. Her Law

---

1. Respondent does not raise any claims of error with regard to this adjournment.

2. Although respondent was in custody as a result of this other matter, the parties are in agreement that for purposes of this case, respondent was not detained.

Guardian promptly moved for an order pursuant to Family Court Act § 340.1 dismissing the petition for failure to timely proceed, pointedly referring to the court's holding four days earlier, that the failure of DFY to produce respondent did not constitute good cause. The record amply establishes that both sides had an opportunity to zealously argue their positions.

Although the court again reaffirmed its prior ruling that there was no good cause for the adjournment since "[respondent] is within the jurisdiction of the state agency and it was their obligation to produce her in court for the trial date", it denied the motion, holding: "However, that a delay of four days in which there are weekends I don't think is significant enough to merit a dismissal of these charges, and I don't think it should prejudice significantly which *[sic]* would require a dismissal of these charges and *therefore your motion to dismiss is denied with the clear understanding that it is not good cause. I do not find the delay was good cause."* (Emphasis added.)

Following a fact-finding hearing conducted on August 29, October 2 and October 17, 1989, the court found respondent guilty of the charges presented against her. Subsequently, on November 15, 1989, the court entered an order of disposition placing respondent in the custody of DFY for 18 months to run concurrent to the placement previously ordered.

On appeal, respondent contends, and we agree, that the Family Court erred when it denied her motion to dismiss the juvenile delinquency proceeding based upon the speedy trial violation. The Family Court Act § 310.2, provides, "[a]fter a petition has been filed, the respondent is entitled to a speedy fact-finding hearing." While this is a general speedy trial provision, similar to that applicable in prosecutions against adults *(see* CPL 30.20; *Matter of Frank C.,* 70 NY2d 408, 411 [1987]), the time limitations regarding fact-finding hearings are, under the Family Court Act, particular and specifically enumerated. *(Matter of Frank C., supra,* 70 NY2d, at 414.) The relevant portions of the governing statute, Family Court Act § 340.1, require:

"2. If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision three.

"3. The court may adjourn a fact-finding hearing:

"(a) on its own motion or on motion of the presentment

agency for good cause shown for not more than three days if the respondent is in detention and not more than thirty days if the respondent is not in detention * * *

"(b) on motion by the respondent for good cause shown for not more than thirty days * * *

"4. The court shall state on the record the reason for any adjournment of the fact-finding hearing.

"5. *Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."* (Emphasis added.)

This speedy trial provision for juveniles is itself a youngster, having been enacted in 1982 (L 1982, ch 920, § 1) and having taken effect on July 1, 1983 (L 1982, ch 920, § 82). However, while there is a relative dearth of cases construing the statute, there is no question that the Legislature intended it to be strictly enforced. Indeed, the Court of Appeals has recognized that "the fact that the Legislature enacted the statute despite the concerns expressed by some regarding the undue burden its strict time limitations would impose on the Family Court system (see, Bill Jacket, L 1982, ch 920, mem of Office of Court Administration; mem of Association of Judges of Family Court of State of NY) strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount." *(Matter of Frank C., supra,* 70 NY2d, at 414.) That the Legislature saw fit to expressly include a provision disallowing as excusable delay adjournments caused by calendar congestion or the status of the court's docket or backlog (Family Ct Act § 340.1 [5]) underscores this strict Legislative intent.

With this in mind, we hold that Family Court was correct in finding that DFY's August 25 failure to produce respondent did not constitute "good cause" to adjourn the case.[3] This aspect of the court's ruling was in absolute agreement with the triumvirate composed of the legislative intent, statutory

---

3. The presentment agency contends that "the inadvertent non-appearance of a respondent at liberty would seem to qualify as 'good cause' or a 'special circumstance' for an adjournment." This argument is, at best, disingenuous, for we are confident that should a respondent at liberty fail to appear, a bench warrant would be issued, as is the common practice. *(See, e.g., Matter of Randy K.,* 160 AD2d 338 [1st Dept 1990]; compare, *People v Traficante,* 147 AD2d 843 [3d Dept 1989].)

scheme and judicial interpretation of Family Court Act § 340.1. The Court of Appeals, in the case *Matter of Frank C.,* dismissed where delays were caused by "the court's own docket problems and respondent's counsel's scheduling difficulties", despite the fact that "the presentment agency was not at fault." (70 NY2d, at 411, 412, *supra.)* Recently, in *Matter of Juan V.* (160 AD2d 303, 304 [1st Dept 1990]) this court held that a Family Court Judge's "vacation time [did] not fall within the realm of permissible special circumstances." Thus, circumstances surrounding the adjournment must constitute good cause, if not special circumstances.[4] *(Matter of Vincent M.,* 125 AD2d 60, 61 [1st Dept 1987], *affd* 70 NY2d 793 [1987].)

It is well-settled law in this Department that there is an entitlement to "the dismissal of a petition after the passage of the 90-day period 'without a satisfactory excuse for such delay * * * established in the record by the presentment agency' ". *(Matter of Randy K.,* 160 AD2d 338, 340 [1st Dept 1990], citing *Matter of Vincent M., supra* [emphasis in original].) The record herein is devoid of any attempt, by either DFY or the presentment agency, to explain in detail why respondent could not be produced, and we are frankly unimpressed and certainly unpersuaded by the perfunctory statement that there were "staffing problems" and "special activities" at DFY precluding respondent's court-ordered production. *(See, Matter of Juan V., supra,* 160 AD2d, at 304.) A ruling of no good cause was therefore appropriate.

It is, however, paradoxical that Family Court, after correctly determining that DFY's failure to produce did not constitute good cause under the Family Court Act speedy trial statute, nonetheless refused to dismiss the petition. As a matter of law, as well as of logic, a dismissal is required. At one time, in cases such as that herein appealed from, where the fact-finding hearing was delayed beyond the time limits delineated in the statute, dismissal was considered to be a discretionary remedy *(Matter of Vincent M., supra,* 125 AD2d, at 63-64); however, the Court of Appeals has since held dis-

---

4. While the proper standard to be applied should have been that of special circumstances, the parties below argued, and the court ruled, on the question of whether there was good cause for the four-day delay. Without further comment in this regard, we, too, consider the less stringent "good cause" standard of Family Court Act § 340.1 (3) (a) as that is the law of the case. *(People v Malagon,* 50 NY2d 954 [1980]; *People v Bell,* 48 NY2d 913 [1979].) We are, however, of the view that neither standard was met, as may be implied by our holding that the less onerous burden was not satisfied.

missal to be the mandatory remedy *(see, Matter of Frank C., supra,* 70 NY2d, at 410, 414 [decided subsequent to our decision in *Matter of Vincent M., supra]).* The Court of Appeals has definitively spoken in this regard, declaring "[S]ection 340.1 leaves no room for the contention that delays outside of the presentment agency's control should not provide a basis for the remedy of dismissal." *(Matter of Frank C., supra,* 70 NY2d, at 413.) As Judge Titone observed, this is necessary not only to effectuate the legislative goals of the provision, but also "to ensure consistency in the statute's application." *(Supra,* at 414.)

Thus, because the fact-finding hearing commenced in excess of 90 days after the case was removed to Family Court with no good cause or special circumstances justifying the delay, the petition must be dismissed. *(Matter of Randy K., supra,* 160 AD2d, at 340.)

Accordingly, the order of disposition of the Family Court, Bronx County (Rhoda J. Cohen, F.C.J.), entered November 15, 1989, which adjudicated respondent to be a juvenile delinquent and committed her to the supervision of the Division for Youth for a period of 18 months upon a finding that respondent committed acts which, if committed by an adult, would constitute the crimes of robbery in the first degree, criminal possession of stolen property in the fifth degree and criminal possession of a weapon in the fourth degree, should be reversed, on the law, and respondent-appellant's motion to dismiss the petition granted, without costs.

ASCH, J. (concurring). While I concur with the result of the reasoning of the majority opinion, I disagree only upon one point, i.e., that *Matter of Vincent M.* (125 AD2d 60, 63-64, *affd* 70 NY2d 793), previously decided by us, considered dismissal for violations such as that in the case herein to be with the court's discretion not as the mandatory remedy (citing *Matter of Frank C.,* 70 NY2d 408). *Matter of Vincent M.* simply pointed out that invocation of the speedy trial provisions of the Family Court Act would not lead to automatic widespread dismissals. Thus, we said "dismissal for such violations is never automatic but lies in the discretion of the court" *(Matter of Vincent M., supra,* at 63-64). Obviously the word "violations" is used in the sense of adjournments and delay which extend the time beyond the prescribed 60-and-90-day periods of the statute. Each time such statutory period is exceeded, the Family Court should decide and explain whether "good

cause" or "special circumstances" have been shown. This is obviously an exercise of "discretion". Once the Family Court in the exercise of this discretion finds that "good cause" or "special circumstance" does *not* exist however, then of course, it must dismiss the charges *(Matter of Frank C., supra,* at 414). Our holding and the language of *Vincent M. (supra,* at 63-64) is completely consistent with this position.

KUPFERMAN, J. P., ROSS and ELLERIN, JJ., concur with CARRO, J.; ASCH, J., concurs in a separate opinion.

Final order of disposition of the Family Court, Bronx County, entered November 15, 1989, reversed, on the law, and respondent-appellant's motion to dismiss the petition granted, without costs.