■ In the Matter of DAVID C., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant. In the Matter of EL-AMIN A., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant. In the Matter of AARON N., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant. In the Matter of QUANE V., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant. In the Matter of SHAUN J., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant.—Orders, Family Court, New York County (Mary Bednar, J.), rendered July 23, 1991, dismissing the juvenile delinquency petitions filed against respondents for failure of the presentment agency to comply with the speedy fact-finding hearing requirement of Family Court Act § 340.1 and denying the presentment agency's motion for a "good cause" or "special circumstance" adjournment, unanimously affirmed, without costs.

The Family Court properly dismissed the juvenile delinquency petition *(Matter of Randy K.,* 77 NY2d 398). The unavailability of a complaining witness due to an out-of-State vacation does not constitute "special circumstances" for an adjournment *(Matter of Juan V.,* 160 AD2d 303; *Matter of Steven C.,* 129 Misc 2d 946). The presentment agency failed to act diligently in securing the presence of the witness prior to his departure *(Matter of Vincent M.,* 125 AD2d 60, *affd* 70 NY2d 793; *Matter of Snap,* 125 Misc 2d 314). Accordingly, while the limited incursion into the "special circumstances" period was limited, "special circumstances" were not established *(compare, Matter of Nakia L.,* 179 AD2d 145, *lv granted* 80 NY2d 758). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.