■ In the Matter of ERICK B., a Person Alleged to be a Juvenile Delinquent, Appellant. [607 NYS2d 7] —Order, Family Court, New York County (Edward M. Kaufmann, J.), entered October 8, 1992, adjudicating the respondent a juvenile delinquent and placing him on probation for a period of 12 months,

unanimously reversed, on the law, and the delinquency petition is dismissed, without costs.

Although the respondent's motion to suppress physical evidence was properly denied (see, People v Goodwine, 177 AD2d 708, lv denied 79 NY2d 920; People v Robinson, 165 AD2d 698, lv denied 77 NY2d 843; People v Lee, 120 AD2d 678, lv denied 68 NY2d 669), the order must be reversed and the petition dismissed for violation of his right to a speedy disposition pursuant to Family Court Act § 340.1. That statute provides, in pertinent part:

"2. If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four. * * *

"4. The court may adjourn a fact-finding hearing:

"(a) on its own motion or on motion of the presentment agency for good cause shown * * * and not more than thirty days if the respondent is not in detention * * *

"(b) on motion by the respondent for good cause shown for not more than thirty days * * *

"5. The court shall state on the record the reason for any adjournment of the fact-finding hearing.

"6. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."

The respondent initially appeared in this action on April 22, 1992. The applicable 60 day period therefore ended on June 21, 1992, a Sunday. While the Family Court, on June 11, 1992, acknowledged that the speedy trial period would expire on June 21st, on June 16th, the respondent agreed to a limited waiver of his speedy trial right so that the hearing on his suppression motion could be completed on June 26, 1992, the sixty-fifth day of the proceeding. At the close of the hearing on the 26th, the case was adjourned by the court until July 23, 1992, at which time, the court indicated, it hoped to have a ruling on the motion to suppress, although, due to an enormous case load and other commitments, it could not guarantee a ruling by that date. The court thereafter again adjourned the matter until August 21, 1992, so that it could render a written decision.

On August 19, 1992, the respondent moved to dismiss the

petition on the ground that August 21, 1992, the date scheduled for the fact-finding hearing, was 51 days beyond the 60 days prescribed for such hearing pursuant to Family Court Act § 340.1 and that "good cause" or "special circumstances" had not been demonstrated to excuse the delay. The court denied that motion concluding that good cause and special circumstances existed to excuse the delay because additional time was necessary to render a written decision on the suppression issue.

Even assuming, arguendo, that good cause existed for the first adjournment to rule on the motion to suppress *(see, Matter of Levar A.,* 200 AD2d 443), special circumstances were not demonstrated to justify the second adjournment. The requirement of "special circumstances" under Family Court Act § 340.1 entails a more exacting standard than that of "good cause" *(Matter of Nakia L.,* 81 NY2d 898, 901). The statute, which has been strictly construed *(see, Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408), specifically excludes calendar congestion or the condition of the judicial docket as excuses for delay. Accordingly, an adjournment to make a decision, because of a congested court calendar, is unacceptable under the statute *(see, Matter of Frank C., supra,* at 411; *Matter of Juan V.,* 160 AD2d 303). Compliance with the statute could have been accomplished by the court rendering a decision orally, within the applicable time frame, and later releasing a written decision. Since the procedure employed violated the respondent's right to a speedy disposition, the delinquency petition must be dismissed. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.