OPINION OF THE COURT
Richard S. Lawrence, J.
In a case of first impression, this court must determine whether an existing support order is a condition precedent to a claim of parental alienation.
*391 This application was first referred to this court, pursuant to Family Court Act § 439 (c), for determination as to whether parental alienation (denial of visitation) could be invoked by the respondent as an affirmative defense to the establishment of a support order.
This matter is unique to this court in that it does not involve a noncustodial parent requesting suspension of a current child support order due to parental alienation. Instead, the respondent seeks to invoke parental alienation as an affirmative defense to the custodial parent’s attempt to establish a support order.
A hearing was commenced on this matter. In the midst of the hearing, the petitioner made an oral in limine motion, and argued that since no order of support existed, the respondent could not assert the affirmative defense of parental alienation.
This court requested that all the parties submit memoranda of law on this limited issue. Although the parties settled this matter, this court noted at the time the settlement was placed upon its record that the petitioner’s in limine motion was denied and that a written decision, which is as . follows, would be rendered. (See, Matter of Erick B., 200 AD2d 447 [1st Dept 1994].)
The petitioner contends that it is “premature” for the respondent to assert alienation as a defense to payment of child support. Although not providing this court with any authority, the petitioner states that this defense may only be asserted when there is actually an order of support in effect.
The respondent argues that parental alienation may properly be raised before a support order is established. The respondent relies on Matter of Roe v Doe (29 NY2d 188 [1971]) for the proposition that the child’s right to support and the parent’s right to custody are reciprocal and that the right to support is forfeited when the parent is abandoned. The respondent emphasizes that there is no case law which prevents raising parental alienation before the issuance of a child support order.
The Law Guardian maintains that there is no legal precedent that a support order must be in effect for the defense of parental alienation to be raised and that a child support order is not a “condition precedent” for such a defense to be raised.
It is well-settled law that parents have an obligation to support a child until the age of 21 years. (Family Court Act § 413 [1] [a]; Hirsch v Hirsch, 37 NY2d 312 [1975]; Matter of Alice C. *392 v Bernard G.C., 193 AD2d 97 [2d Dept 1993]; Matter of Jaffee v Jaffee, 202 AD2d 264 [1st Dept 1994]; Matter of Módica v Thompson, 300 AD2d 662 [2d Dept 2002]; Matter of Cellamare v Lakeman, 36 AD3d 905 [2d Dept 2007].)
In particular, Family Court Act § 413, headed “Parents’ duty to support child,” provides, in pertinent part:
“1. (a) . . . the parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be required to pay for child support a fair and reasonable sum as the court may determine.”
However, as limited by the instant issue, a court may suspend a noncustodial parent’s duty to provide child support after a finding that the custodial parent has willfully denied or interfered with visitation, or has engaged in “parental alienation.” See, Sobie, 2005 Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 413, 2007 Pocket Part, at 15) which defines parental alienation as the “extreme denigration by one parent of the other parent, or the indoctrination and ‘brainwashing’ of the child to turn him against the parent.” (Compare, Usack v Usack, 17 AD3d 736 [3d Dept 2005].)
The Law Guardian in this matter relies on Matter of Celeste S. v Jeremiah R. (NYLJ, Oct. 7, 1991, at 32, col 1) in his papers. This case reviews the law regarding parental alienation and emphasizes that “[suspension of future child support payments by the non-custodial parent is only granted when the court determines that the custodial parent has severely frustrated visitation by either relocating the family to a distant location without permission or by intentionally alienating and brainwashing the children against the non-custodial parent.” (Id. at col 2.) Although that case is not procedurally on point, it is instructive in that it dealt with the request for suspension of an existing child support order due to a claim of parental alienation.
While the cases similarly cited to by the petitioner and the respondent summarize the instances in which parental alienation may be used by a party, they do not address the limited issue before this court. The parties have conceded that they have not found any precedent on this issue.
Additionally, this court’s own research has not yielded any case law which dictates that a support order must be in place *393 before the question of parental alienation may be raised. The Family Court Act is also silent as to this question.
Therefore, in the absence of statutory authority or case law, this court determines that parental alienation may be invoked as an affirmative defense without an established support order. In accordance with this court’s oral decision of July 25, 2007, the oral in limine motion is denied.