■ In the Matter of MILTON D., Appellant.—Appeal from an order of the Family Court, Westchester County, dated November 14, 1978, which, after a determination that appellant had committed acts which, if committed by an adult would constitute a crime, adjudicated appellant a juvenile delinquent and placed him with the New York State Division for Youth, Title III. Order reversed, on the law, without costs or disbursements, and matter remitted to the Family Court, Westchester County, for further proceedings consistent herewith. When the appellant appeared before the Family Court, Bronx County, for the first time, his attorney informed the court that he had been appointed four days earlier, such period being inclusive of a weekend, that he was not prepared to proceed with a fact-finding hearing and that he was ready to proceed with a probable cause hearing pursuant to section 739 of the Family Court Act. The Family Court, inviting review by the Appellate Division, First Department, which has apparently not as yet addressed itself to the issues herein involved, denied counsel's request for such a hearing and required him to proceed with a fact-finding hearing. The Corporation Counsel presented his case; the Law Guardian declined to cross-examine the Corporation Counsel's witnesses or to present any defense, stating several times on the record that he was unable to do so because he was not properly prepared. Following the presentation of the Corporation Counsel's case, the Family Court offered the Law Guardian a continuance; the offer was declined because the case against appellant had already been presented. The Family Court then found that appellant had committed certain acts and offenses charged in the

petition. During discussions between the Family Court, counsel and the clerk of the court, it was disclosed that although the appellant had committed the acts in The Bronx, he was well known to the Family Court in Westchester County; it was suggested that disposition by such court would be more appropriate. The Family Court agreed, and the matter was duly transferred. Appellant was deprived of his statutory right to a probable cause hearing, as well as his constitutional right to the effective assistance of counsel. Appellant must be accorded a new fact-finding hearing, with the proper assistance of counsel (see *People ex rel. Kaufmann v Davis,* 57 AD2d 597, cited with approval in *Matter of Lester,* 96 Misc 2d 1077, 1078). Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.