OPINION OF THE COURT
Judith Sheindlin, J.
The issue presented is whether a juvenile, charged with crimes which constitute misdemeanors only, is entitled to a probable cause hearing in the Family Court.
The respondent was arraigned on a petition alleging assault in the third degree, menacing and criminal possession of a weapon in the fourth degree, all misdemeanors. At that time he was remanded for the statutory period of three days. (Family Ct Act § 340.1.) On the next court date the presentment agency was ready to proceed with the fact-finding hearing. The respondent, however, was not ready and requested that the court conduct a probable cause hearing. This application was denied.
The court suggested that the fact-finding hearing commence and that at the conclusion of the presentment agency’s case the court would grant the respondent a continuance. Additionally, the court stated that if the respondent wished to recall any witnesses for the purpose of further cross-examination, the court would direct that that witness be produced. It was noted by the court that the respondent would not be prejudiced by this procedure since the quantum of proof necessary *743 on a prima facie case is higher than that required at a probable cause hearing. Furthermore, the permissible cross-examination at a fact-finding hearing is far more extensive than what would be permitted at a probable cause hearing.
Rather than proceeding, as suggested by the court, the respondent chose to request an adjournment of the fact-finding hearing.
The respondent argued that pursuant to Family Court Act § 325.1, he was entitled to probable cause hearing.
The issue raised involves the interpretation of two sections of the Family Court Act. Family Court Act § 325.1 states, in pertinent part, that: "1. At the initial appearance, if the respondent denies a charge contained in the petition and the court determines that he shall be detained for more than three days pending a fact-finding hearing, the court shall schedule a probable-cause hearing to determine the issues specified in section 325.3.” (Emphasis added.)
The above, however, must be read in conjunction with Family Court Act § 340.1 (1) which states: "1. If the respondent is in detention and the highest count in the petition charges the commission of a class A, B, or C felony, the fact-finding hearing shall commence not more than fourteen days after the conclusion of the initial appearance except as provided in subdivision three. If the respondent is in detention and the highest count in such petition is less than a class C felony the fact-finding hearing shall commence no more than three days after the conclusion of the initial appearance except as provided in subdivision three.” (Emphasis added.) Since Family Court Act § 340.1 provides for a fact-finding hearing to commence no more than three days after the initial appearance, when the charges are less than a class C felony, there is no reason to hold a probable cause hearing.
In Schall v Martin (467 US 253), the United States Supreme Court, in deciding the issue of preventive detention for juveniles, discussed detention in cases involving charges of less than class C felonies. The court stated that: "If the juvenile is charged with a lesser offense, then the factfinding hearing must be held not more than three days after the initial appearance. In the latter case, since the time for the probable cause hearing and the factfinding hearing coincide, the two hearings are merged.” (467 US, at p 270.)
Logic and a commonsense interpretation of the Family *744 Court Act in conjunction with the Criminal Procedure Law further support the dicta in Schall. The Family Court Act provides that hearsay evidence of the kind admissible at a hearing upon a felony complaint in criminal court may be admitted at a probable cause hearing and that the court’s determination at the conclusion of a probable cause hearing shall be in accordance with evidentiary standards applicable to a hearing on a felony complaint in Criminal Court. (See, Family Ct Act §325.2 [3]; §325.3.) CPL 180.50 provides a preliminary hearing must be conducted upon a felony complaint. Upon the conclusion of the hearing the court must determine if there is reasonable cause to believe that the defendant committed a felony. (CPL 180.70.)
There is no provision for a preliminary or probable cause hearing under the Criminal Procedure Law in misdemeanor cases. (CPL art 170.)
Since Family Court Act §§ 325.2 and 325.3 specifically refer to the Criminal Procedure Law in this instance the Criminal Procedure Law may be consulted to aid in the interpretation of the Family Court Act (Family Ct Act § 303.1). A reading of the Criminal Procedure Law together with Schall v Martin (supra) clearly indicates that a juvenile, charged with less than a class C felony, is not entitled to a probable cause hearing under Family Court Act article 3.
Accordingly, the application for a probable cause hearing is denied.