■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GARAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 21, 1988, convicting him of sodomy in the first degree and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence, when viewed in a light most favorable to the prosecution, was legally sufficient to establish his guilt (see, People v Contes, 60 NY2d 620). Although the defendant attacks the credibility of the complaining witness and claims that the jury should have credited his alibi defense, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which had the opportunity to see and hear the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also challenges the propriety of several of the trial court's instructions. Initially, we note that all of the defendant's claims in this regard are unpreserved for appellate review since the defendant failed to register objections to those portions of the charge at the time of trial (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, we have examined the substance of the trial court's instructions and conclude that reversal in the interest of justice is not warranted (see, People v Lawrence, 143 AD2d 1045; People v Davis, 140 AD2d 618; People v Azzara, 138 AD2d 495).

The defendant's challenge to the prosecutor's summation is similarly unpreserved for appellate review and, in any event, is devoid of merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.