■ The People of the State of New York, Respondent, v Henry Obondo, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered January 9, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial shows that during a so-called "buy and bust" operation, the defendant sold a tinfoil packet containing a quantity of cocaine to an undercover officer for $30. The defendant's attack on the credibility of the prosecution's two main witnesses, the undercover officer and the arresting officer, is without merit. It is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw

and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention, that the trial court's rulings on objections by the People during defense counsel's opening statement deprived him of a fair trial, has not been preserved for our review, defense counsel having failed to take an exception to the court's rulings, ask for curative instructions or move for a mistrial (see, CPL 470.05 [2]; People v Garay, 163 AD2d 582; People v Wilson, 162 AD2d 747; People v Aschheim, 119 AD2d 757), and we decline to exercise our interest of justice jurisdiction to reach it. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.