■ In the Matter of DWAYNE G., a Person Alleged to be a Juvenile Delinquent.—Order of disposition, Family Court, New York County (Kaplan, J.), entered October 15, 1990, which adjudicated appellant a juvenile delinquent upon a factfinding that he had committed an act, which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree, and which directed his placement for a period of one year with the New York State Division for Youth, Title III, unanimously affirmed, without costs.

The complainant testified that while driving his grandson, in his daughter's car, on a city street, he was stopped by a youth on a bicycle racing in front of his car. After he stopped, he felt a bump in back of the car and saw a bicycle on the ground. Appellant was sitting on the sidewalk, holding his leg, although without apparent injuries. Complainant exited the car, checked appellant's condition and then walked to the corner to a pay phone to call police. During that time, appel-

lant and another person climbed into the car, and drove off. Shortly thereafter, plainclothes officers, noticing the car's erratic course, gave pursuit as the driver went through several red lights. Appellant, who was sitting in the passenger's seat, was recognized by one of the officers. When the car stopped, the driver was apprehended, but appellant, who escaped on foot, was arrested the next day.

Appellant's contention on appeal that the evidence was legally insufficient insofar as the title owner of the car did not testify that she had not consented to appellant's use of the car is meritless. Penal Law § 165.05 (1) requires that appellant know that he did not have consent of the owner when he took the vehicle. Penal Law § 155.00 (5) defines owner as "any person who has a right to possession thereof superior to that of the taker, obtainer or withholder". Under such definition, complainant was the owner, who had a superior right of possession to that of appellant (see, e.g., People v Hutchinson, 56 NY2d 868; People v Prato, 143 AD2d 205, lv denied 72 NY2d 1049, 73 NY2d 858). The complainant's testimony that he did not consent to the taking of the car sufficiently established the lack of consent. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.