■ In the Matter of STEVEN R., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Bruce M. Kaplan, J.), entered December 17, 1990, which adjudicated respondent a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree, reckless endangerment in the second degree, and attempted criminal mischief in the fourth degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

On the first day of the fact-finding hearing, respondent's counsel requested an adjournment in order to locate witnesses, which the presentment agency opposed on the ground that its only witness, the arresting police officer, who was a reserve member of the armed forces, was expecting to receive orders the following day to embark for Saudi Arabia. In light of the potential imminent unavailability of the agency's witness, Family Court ordered that the hearing go forward only with respect to the agency's witness, and promised respondent that he would be granted a continuance to present witnesses. After the arresting officer completed her direct testimony, respondent requested a continuance for the purpose of prepar-

ing cross-examination. While Family Court granted a six-day adjournment and ordered that the police officer make herself available in the event that she was still within the jurisdiction on the adjourn date, it denied the motion in the event the witness was unavailable at that time. By the adjourn date, however, the police officer had embarked on her military mission.

Respondent's argument that Family Court should have granted successive 30-day adjournments pursuant to Family Court Act § 340.1 (6) is not preserved for review, and in any event, without merit. Family Court Act § 340.1 was enacted by the Legislature because it deemed the "speedy resolution of charges against juveniles to be paramount" *(Matter of Frank C.,* 70 NY2d 408, 414; *Matter of Detrece H.,* 164 AD2d 306). In this case, after having been granted an adjournment so as to conduct further investigation defense counsel was unable to come forward with any cogent reason for further adjournment. While a refusal to grant an adjournment in order to provide counsel an opportunity to prepare a defense can result in a remand *(see, e.g., Matter of Milton D.,* 72 AD2d 812; *Matter of Nelson R.,* 51 AD2d 727), there were exigent circumstances, and "in the absence of a showing on the record, of special circumstances" in the instant case (Family Ct Act § 340.1 [6]), the possibly indefinite adjournment sought by respondent was precluded by the very statutory provision on which he relies.

We have considered respondents remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.