In the Matter of JEFFREY V., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated September 11, 1990, which, upon a fact-finding order of the same court, dated August 21, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and menacing, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period not to exceed one year. The appeal brings up for review the fact-finding order dated August 21, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly denied his request to conduct a probable cause hearing and required him to proceed with a fact-finding hearing. Indeed, since the fact-finding hearing was commenced within three days of the appellant's initial appearance, he was not statutorily entitled to a probable cause hearing (Family Ct Act § 325.1). Although the appellant's counsel was not ready at the commencement of fact-finding hearing, the court properly allowed the Assistant Corporation Counsel to present the testimony of her sole witness before granting the appellant a continuance to prepare for cross-examination and the presentation of his direct case (see, People ex rel. Guggenheim v

*Mucci,* 32 NY2d 307, 313). The appellant was not prejudiced by this procedure *(see, Matter of Robert L.,* 129 Misc 2d 742) and, further, was not deprived of his constitutional right to the effective assistance of counsel *(cf., Matter of Milton D.,* 72 AD2d 812).

Viewing the evidence in the light most favorable to the petitioner, we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. In addition, the appellant's alibi was disproven beyond a reasonable doubt by the complainant's testimony which placed him at the crime scene *(see, People v Victor,* 62 NY2d 374, 378; *People v Rose,* 166 AD2d 680, 681).

Although the appellant attacks the credibility of the complainant and claims that the fact-finder should have credited his alibi witness, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the fact-finder, who had the opportunity to see and hear the witness *(see, People v Garay,* 163 AD2d 582). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garay, supra).* Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.