■ In the Matter of ALEX A., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered on or about October 22, 1991, adjudicating respondent Alex A. a juvenile delinquent, and ordering that he be placed on probation for a period of six months, after a fact-finding determination, entered September 3, 1991 (same court and Judge), finding that respondent committed acts, which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02), and unlawful possession of a weapon by a person under 16 (Penal Law § 265.05), is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements.

The respondent entered Stevenson High School where a security officer was advised the respondent had a gun. When he was approached for questioning, he fled the school. Officer Williams, informed of the situation, followed the respondent who had entered a vehicle. When, a few blocks away, the respondent exited the car and walked toward the officer, he had a gun in his left hand. Respondent dropped the gun and kicked it with his left foot. Officer Williams ordered respondent back to his car at gunpoint and recovered the gun, unloading it at the precinct.

The presentment agency filed a juvenile delinquency petition with an attached deposition from Officer Williams containing the above facts, and noting the officer determined the gun was loaded, and unloaded it before handing it to another officer. The respondent moved to dismiss the petition on the ground that the petition failed to contain nonhearsay factual allegations which tended to support each and every element of the crimes charged, as mandated by Family Court Act § 311.2, since there was no ballistics report to show that the gun was operable.

Thereafter, the presentment agency moved to amend the

petition to include a ballistics report. This motion was granted and the motion to dismiss was denied.

"A juvenile delinquency petition must contain 'non-hearsay allegations * * * establish[ing] * * * every element of each crime charged and the respondent's commission thereof' (Family Ct Act § 311.2 [3]). Any petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective (see, Family Ct Act § 311.2; *Matter of David T.,* 75 NY2d 927) * * *

"Section 311.5 (1) authorizes amendment to the petition at any time before or during the fact-finding hearing. However, section 311.5 (2) (b) states '[a] petition *may not* be amended for the purpose of curing * * * [the] legal insufficiency of the factual allegations' (emphasis added). Here, the petition's factual allegations were legally insufficient because they were not in the required nonhearsay form. Therefore, if section 311.5 (2) (b) is given what appears to be its intended meaning, the petition may not be amended. Any other result would not only be at variance with the plain wording of section 311.5 (2) (b), but would deprive that provision of any practical effect." (*Matter of Detrece H.,* 78 NY2d 107, 109-110.)

Operability of the weapon is an essential element of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and unlawful possession of a weapon by a person under the age of 16 (Penal Law § 265.05). The petition and the supporting deposition did not include any nonhearsay allegations with respect to such operability.

Accordingly, as initially filed, without the ballistics report, the petition was legally insufficient. Since this constituted a nonwaivable jurisdictional defect, the petition could not be amended to cure the deficiency (*Matter of Detrece H., supra,* at 110). The Family Court, therefore, improperly granted the motion to amend the petition and denied the respondent's motion to dismiss the petition. Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ. [As amended by unpublished order entered March 9, 1993.]