■ In the Matter of TEHERAN KK., a Person Alleged to be a Juvenile Delinquent, Respondent. TOMPKINS COUNTY ATTORNEY, Appellant.—Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered May 13, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a juvenile delinquent.

A juvenile delinquency petition and its supporting depositions must contain "non-hearsay allegations * * * establish-[ing if true], every element of each crime charged and the respondent's commission thereof". A petition that does not contain such factual allegations is legally insufficient and jurisdictionally defective (see, Matter of Detrece H., 78 NY2d 107, 109). The petition in this case alleges that respondent committed acts which if committed by an adult would have constituted the unauthorized use of a vehicle in the third degree (Penal Law § 165.05) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). It is supported by two voluntary statements. It is true that allegations of an evidentiary nature should not be set forth in the petition (Family Ct Act § 311.1 [3] [h]; see, Matter of Jose M., 178 AD2d 343). The Court of Appeals has recently determined, however, that this restriction does not apply to the supporting depositions attached to the petition and that the depositions and the petition taken together must establish a prima facie case (Matter of Jahron S., 79 NY2d 632, 639). We agree with respondent that the prima facie case requirement has not been satisfied here. The nonhearsay portions of the depositions establish only that respondent was seen entering a vehicle and trying to start it. As Family Court noted, there are no nonhearsay allegations in the petition or the supporting depositions that this was the vehicle which allegedly had been stolen (see, Matter of David T., 75 NY2d 927). Family Court therefore properly dismissed the petition.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.