[600 NYS2d 531]

In the Matter of CHRISTOPHER B., a Person Alleged to be a Juvenile Delinquent, Respondent.

Fourth Department, July 16, 1993

APPEARANCES OF COUNSEL

*Anthony Belletier,* Syracuse, for appellant.

*Carol Rhinehart, Deputy County Attorney* for Onondaga County, Syracuse, *(John Sharon* of counsel), for respondent.

## OPINION OF THE COURT

GREEN, J.

Respondent Christopher B. was adjudicated a juvenile delinquent upon a finding that he committed an act which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). The principal issue before us is whether Family Court should have used testimony elicited at the probable cause hearing as the basis for its finding of guilt beyond a reasonable doubt at the fact-finding hearing. We conclude that the use of such testimony is not authorized by the Family Court Act.

On December 13, 1991, the presentment agency filed a juvenile delinquency petition alleging that respondent, know-

ing that he did not have the consent of the owner, operated and exercised control over a vehicle. Attached to the petition were a report prepared by a Syracuse police officer and an affidavit signed by the owner. The petition and supporting documents allege that, on December 11, respondent was driving the vehicle, which had previously been reported stolen.

At his initial appearance, respondent denied the charge contained in the petition and a probable cause hearing was scheduled (see, Family Ct Act § 325.1). When the hearing began, the court asked the parties whether they would be willing to go forward with the fact-finding hearing. The Law Guardian advised the court that he was not prepared for the fact-finding hearing, and requested to proceed with the scheduled probable cause hearing. The court agreed to go forward with the probable cause hearing. Over respondent's objection, however, the court expressed its intention to "take note," at the fact-finding hearing, of all relevant testimony elicited at the probable cause hearing.

Three Syracuse police officers testified on petitioner's behalf. An off-duty officer testified that he stopped respondent after observing him behind the wheel of a blue Hyundai that the officer believed to be stolen. Respondent was unable to comply with the officer's request to produce a driver's license, registration or proof of insurance. One of the uniformed officers prepared both documents attached to the juvenile delinquency petition—the police report and the statement of the purported owner of the vehicle. Over objection, the owner's statement was received in evidence under the business records exception to the hearsay rule (see, CPLR 4518). At the conclusion of the hearing, the court determined that there was reasonable cause to believe that respondent committed the crime charged.

Family Court persisted in its decision to use the evidence presented at the probable cause hearing in making its determination at the fact-finding hearing. The court stated that it was unwilling to have witnesses "recalled for the sole purpose of hearing the same testimony I just sat through and heard." The court also directed the presentment agency not to recall any witnesses who testified at the probable cause hearing. The presentment agency rested on the evidence presented at the probable cause hearing. Respondent was found guilty of the charged misconduct and adjudicated a juvenile delinquent. Following a dispositional hearing, the court directed that respondent be placed for one year with the Division for Youth.

Family Court erred in receiving petitioner's evidence from the probable cause hearing at the fact-finding hearing. In appropriate circumstances, a combined probable cause and fact-finding hearing may be authorized *(see, Schall v Martin,* 467 US 253, 270; *Matter of Jeffrey V.,* 185 AD2d 240, *lv granted* 81 NY2d 705; *Matter of Robert L.,* 129 Misc 2d 742; *see generally, Matter of Snap,* 125 Misc 2d 314; Besharov, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 325.1, 1993 Pocket Part, at 107-108). The court, however, did not hold such a combined hearing. Rather, Family Court agreed to hold a probable cause hearing, followed by a separate fact-finding hearing.

■ The court's use of testimony received at the probable cause hearing as the basis for sustaining the petition at the fact-finding hearing is not authorized by the Family Court Act. Section 370.1 (2) of the Family Court Act provides that CPL article 670, concerning "the use of testimony given in a previous proceeding" applies to juvenile delinquency proceedings. CPL 670.10 authorizes the use, at a subsequent proceeding, of previous testimony from a trial, a CPL 180.60 felony complaint hearing or a CPL article 660 conditional examination. A probable cause hearing is analogous to a CPL 180.60 felony complaint hearing *(see, Matter of Robert G.,* 121 Misc 2d 680, 691; *Matter of Renaldo Q.,* 83 Misc 2d 945, 949). Testimony elicited at a probable cause hearing may be used at a subsequent proceeding, however, only if the witness is unavailable by reason of death, physical or mental incapacity or absence from the State *(see,* CPL 670.10 [1]). There is no indication that any of the witnesses at the probable cause hearing were unavailable to testify at the fact-finding hearing. Thus, the threshold requirement of CPL 670.10 was not met and the court erred in using the prior testimony.

The probable cause hearing and the fact-finding hearing are as distinct as their criminal counterparts, the preliminary hearing and the trial *(see,* CPL art 180; *Matter of Robert G.,* 121 Misc 2d 680, 691-692, *supra).* At the probable cause hearing, the presentment agency must present nonhearsay evidence "to demonstrate reasonable cause to believe that the respondent committed a crime" (Family Ct Act § 325.2 [3]). The far more stringent standard of proof beyond a reasonable doubt applies at the fact-finding hearing *(see,* Family Ct Act § 342.2 [2]). Family Court is authorized to limit respondent's right to present evidence at the probable cause hearing *(see,* Family Ct Act § 325.2 [1]), while no similar limitation could be

constitutionally applied at the fact-finding stage *(see, In re Gault,* 387 US 1, 10). If a respondent exercises his or her right to testify at a probable cause hearing, the prior testimony may not be used at the fact-finding hearing except for purposes of impeachment *(see,* Family Ct Act § 325.2 [1] [b]; *see generally, Simmons v United States,* 390 US 377, 393-394).

Based upon the applicable provisions of article 3 of the Family Court Act and the analogous provisions of the Criminal Procedure Law, we conclude that Family Court erred in adopting the evidence elicited at the probable cause hearing as the basis for the adjudication of delinquency at the fact-finding hearing.

█ In any event, had the testimony from the probable cause hearing been properly received at the fact-finding hearing, the evidence would have been insufficient to sustain the petition. Petitioner presented no competent proof establishing ownership of the vehicle that respondent was driving when he was arrested. Thus, petitioner failed to prove that respondent knowingly used the vehicle without the owner's consent *(see,* Penal Law § 165.05 [1]; § 155.00 [5]; *Matter of Dwayne G.,* 181 AD2d 452).

The affidavit of the purported owner is "in truth nothing more than a statement written by a law enforcement officer reporting what he or she has been told by an eyewitness—in other words, hearsay" *(Matter of Edward B.,* 80 NY2d 458, 463; *see, Matter of David T.,* 75 NY2d 927). Her statement does not qualify for admission into evidence under the business record exception to the hearsay rule *(see,* CPLR 4518 [a]) because she was under no duty to make the statement *(see, Cover v Cohen,* 61 NY2d 261; *Matter of Leon RR,* 48 NY2d 117; *Johnson v Lutz,* 253 NY 124; *People v Wilson,* 123 AD2d 457). Even if the affidavit satisfied the requirements of CPLR 4518, moreover, it cannot serve to establish the ownership of car that respondent was driving. The owner does not identify her vehicle in any way, but states only that a police officer informed her that her car had been recovered and that respondent was caught driving it. The statement of an unidentified police officer to the owner of the vehicle, reported by the owner in an affidavit prepared by another police officer, constitutes inadmissible triple hearsay. The testimony of the police officers that the car was stolen and that it belonged to the owner was also inadmissible hearsay *(see, People v Canty,* 153 AD2d 640, 642). Because petitioner presented no competent

proof of ownership or lack of consent, the evidence was insufficient to sustain the petition.

■ Respondent urges that reversal is also required because the juvenile delinquency petition is jurisdictionally defective. During the probable cause hearing, it became apparent that the petition and the supporting documents, the police report and the owner's affidavit failed to set forth nonhearsay allegations of fact *(see,* Family Ct Act § 311.2 [3]). At the close of the probable cause hearing, respondent moved to dismiss the petition as jurisdictionally defective *(see, Matter of Jahron S.,* 79 NY2d 632, 639; *Matter of Detrece H.,* 78 NY2d 107, 109-110; *Matter of David T.,* 75 NY2d 927, 929, *supra; Matter of Teheran KK.,* 190 AD2d 931; *Matter of Alex B.,* 189 AD2d 813; *Matter of Alex A.,* 189 AD2d 596). The hearsay character of the allegations against respondent, however, cannot be discerned from the face of the accusatory instrument. When a juvenile delinquency petition is sufficient on its face, "latent deficiencies in the accusatory instrument * * * do not provide a ground for mandatory dismissal under Family Court Act § 315.1 (1) (a)" *(Matter of Edward B.,* 80 NY2d 458, 465, *supra).* Family Court, therefore, properly denied respondent's motion to dismiss as untimely *(see,* Family Ct Act §§ 315.2, 332.2 [1]).

The order should be reversed and the petition dismissed.

CALLAHAN, J. P., BALIO, FALLON and DOERR, JJ., concur.

Order unanimously reversed, on the law, without costs, and petition dismissed.