OPINION OF THE COURT
Levine, J.
This case raises issues concerning the application of Family Court Act §§ 325.1 and 340.1 to a detained juvenile charged with committing acts that, if committed by an adult, would constitute crimes less serious than a class C felony. Under Family Court Act § 325.1, a juvenile who is to be detained "for more than three days pending a fact-finding hearing” is entitled to a probable-cause hearing (Family Ct Act § 325.1 [1]), which "shall be held within three days following the initial appearance or within four days following the filing of a petition, whichever occurs sooner” (Family Ct Act § 325.1 [2]). *124 Family Court Act § 340.1 (1) provides that when a detained juvenile is charged in a petition in which the highest count is less than a class C felony "the fact-finding hearing shall commence no more than three days after the conclusion of the initial appearance except as provided in subdivision four [i.e., adjournments for good cause]”.
Appellant initially appeared in Family Court August 14, 1990 on a juvenile delinquency petition charging him with one count of unlawful possession of weapons by persons under the age of 16 (Penal Law § 265.05) and three counts alleging acts which, if committed by an adult, would constitute the crimes of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]); criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]); and menacing (Penal Law § 120.15). He denied all charges and was remanded to detention. At his next appearance three days later, the presentment agency expressed its readiness to proceed with a fact-finding hearing. Appellant’s Law Guardian stated the defense was not prepared to go forward with the fact-finding hearing, but requested that the court hold a probable-cause hearing pursuant to Family Court Act § 325.1. The court denied the Law Guardian’s request for a probable-cause hearing and directed the commencement of the fact-finding hearing.
In refusing to hold a probable-cause hearing, Family Court looked to the mandate of Family Court Act § 340.1 (1) that, because the petition charged appellant with acts less serious than a class C felony, a fact-finding hearing had to be commenced not more than three days after his initial appearance. From this mandate, Family Court inferred that the statutory right of a detained juvenile to a probable-cause hearing within three days of the initial appearance (see, Family Ct Act § 325.1 [1], [2]) did not apply when, as here, all of the charges in the petition are less serious than a class C felony (accord, Matter of Robert L., 129 Misc 2d 742). The fact-finding hearing then began with the direct examination of the complainant by the presentment agency. She related an incident in which appellant pressed the point of a kitchen knife against her side and told her he was the "zodiac killer”. At the conclusion of the complainant’s direct testimony, Family Court granted the Law Guardian’s request for a continuance.
The fact-finding hearing resumed and was concluded four days later, with the Law Guardian’s cross-examination of the complainant, the presentation of appellant’s alibi defense and *125 rebuttal testimony from the complainant. Following the hearing, Family Court found appellant guilty of acts constituting criminal possession of a weapon in the fourth degree and menacing, and exonerated him on all remaining counts of the petition. The Appellate Division affirmed (185 AD2d 240). This Court granted leave to appeal. We now affirm.
Appellant asserts two grounds for reversal of the adjudication of juvenile delinquency: first, that he was denied his statutory right to a probable-cause hearing and second, that he was denied his constitutional right to effective assistance of counsel.
At the outset, we find untenable Family Court’s conclusion, urged as a ground for affirmance by the presentment agency before us, that the statutory direction to commence a fact-finding hearing within three days of the initial appearance of a detained juvenile charged with acts each constituting less than a class C felony implicitly restricts the statutory entitlement to a probable-cause hearing to detained juveniles charged with committing acts constituting class A, B or C felonies. Not only does such a reading of article 3 of the Family Court Act lack support in any express statutory language, but it also ignores various provisions clearly maintaining a dichotomy between a juvenile detainee’s rights to a probable-cause hearing and to a prompt fact-finding hearing.
Thus, Family Court is authorized to grant a juvenile’s request for an adjournment of the fact-finding hearing "for good cause shown” (Family Ct Act § 340.1 [4] [b]), as an exception to the prompt fact-finding hearing mandate (see, Family Ct Act § 340.1 [1]). A justifiable claim of the Law Guardian’s lack of readiness for trial would be a prime example of good cause for the discretionary granting of an adjournment. Yet the statute provides that a juvenile’s unreadiness for a fact-finding hearing does not constitute a waiver of the probable-cause hearing (Family Ct Act § 325.1 [4]). Moreover, Family Court’s interpretation would produce the anomalous result that juvenile detainees charged with minor criminal acts would have less procedural protection against unjustified detention than those charged with the most serious criminal acts. For the foregoing reasons, we hold that the requirement in Family Court Act § 325.1 for a probable-cause hearing cannot be limited to cases where the petition charges acts constituting class A, B or C felonies.
Nonetheless, we find no basis for reversal here. The fact- *126 finding hearing was actually commenced not more than three days after appellant’s initial appearance and detention. Therefore, as the Appellate Division properly held, he was not detained "for more than three days pending a fact-finding hearing”, and the failure to accord him a separate probable-cause hearing did not violate any statutory right (see, Family Ct Act § 325.1 [1]). Moreover, the testimony of the complainant on direct examination during the first session of the fact-finding hearing, held within three days of appellant’s initial appearance, clearly established probable cause. Thus, the procedure employed in the instant case essentially conformed to that suggested by this Court in People ex rel. Guggenheim v Mucci (32 NY2d 307, 313). We have no occasion now to address the effect of a failure to establish probable cause during the initial part of the fact-finding hearing held within the statutory three-day period.
We are equally unpersuaded by appellant’s alternative claim of reversible error, that by directing the commencement of the fact-finding hearing over the Law Guardian’s claim of unpreparedness, Family Court deprived appellant of his constitutional right to effective assistance of counsel (see, US Const 6th Amend; NY Const, art I, § 6). When ineffectiveness of representation is claimed to be due to lack of preparedness of counsel, the United States Supreme Court has eschewed any per se inference of a constitutional deprivation; counsel who was present is presumed to have been competent and the burden is on the accused to demonstrate upon the record the absence of meaningful adversarial representation. This is so whether the claim is general unpreparedness of counsel throughout the trial (see, United States v Cronic, 466 US 648, 658, 666) or unpreparedness at some specific critical stage (see, Darden v Wainwright, All US 168, 184-186). Also, the refusal to postpone a trial at counsel’s request for further time to prepare does not by itself give rise to an inference of ineffective representation (see, United States v Cronic, supra, at 661-662). Our cases applying the Right to Counsel Clause of the State Constitution, as well as that of the United States Constitution, are consistent with the Cronic holding (see, People v Rivera, 71 NY2d 705, 708-709; People v Benn, 68 NY2d 941, 942; People v Satterfield, 66 NY2d 796, 798-799).
Applying the foregoing principles in the instant case, the record establishes that, viewed in the totality of the proceedings, appellant received meaningful representation by his Law Guardian (see, People v Rivera, supra, at 708; People v Baldi, *127 54 NY2d 137, 146-147), a conclusion supported by the Law Guardian’s success in achieving dismissal of two of the four counts of the petition. Appellant has completely failed to point to any omission or error of the Law Guardian which arguably would have been avoided by reasonably competent counsel. Examination of the brief transcript of the complainant’s simple narrative of the incident on direct examination reveals that the Law Guardian did participate, interposing the only viable objection to any portion of her testimony. Thus, there has been no demonstration whatsoever that appellant was not afforded meaningful representation at that initial portion of the fact-finding hearing.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, without costs.