■ In the Matter of STEVEN L., a Person Alleged to be a Juvenile Delinquent, Appellant. [800 NYS2d 632]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Steven L. appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (O'Donoghue, J.), dated June 1, 2004, made after a hearing, as found that he had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, and (2) from an order of disposition of the same court dated July 9, 2004, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from the order dated June 1, 2004, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.*, 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the finding that he committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree was not against the weight of the evidence nor based on testimony which was incredible as a matter of law. Since the Family Court saw and heard the testimony of all of the witnesses, its assessment of their credibility is entitled to great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see Matter of Robert P.*, 16 AD3d 512 [2005]; *Matter of Bernell R.W.*, 7 AD3d 724 [2004]; *Matter of Kashawn B.*, 4 AD3d 469, 470 [2004]; *Matter of Dennis G.*, 294 AD2d 501 [2002]). The evidence adduced at the fact-finding hearing established the appellant's identification as one of the assailants (*see Matter of Kashawn B., supra*), and his intent to cause physical injury to the complainant (*see Matter of Anthony S.*, 305 AD2d 689, 690 [2003]; *Matter of Gregory B.*, 242 AD2d 295, 296 [1997]; *cf. Matter of Wanji W.*, 277 AD2d 243, 244 [2000]).

Moreover, under the facts of this case, the Family Court properly placed the appellant on probation (*see Matter of Gerald W.*, 12 AD3d 522, 523 [2004]). The appellant was not entitled to an adjournment in contemplation of dismissal on the ground that this was his first "brush with the law" (*Matter of Nikita P.*,

3 AD3d 499, 501 [2004]; *see Matter of Gerald W., supra*; *Matter of Diana V.*, 297 AD2d 535 [2002]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.