■ In the Matter of ASSANE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 406]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.) dated June 18, 2004, which, upon a fact-finding order of the same court (Gary, J.) dated December 3, 2003, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of criminal trespass in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree (two counts), adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated December 3, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Steven L.*, 21 AD3d 962 [2005]; *Matter of Jerrol H.*, 19 AD3d 693, 694 [2005]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, he was not deprived of the effective assistance of counsel due to a conflict of interest. Representation by the Legal Aid Society of both the appellant and a presentment agency witness, either in the past or at the time of the appellant's trial, did not, in itself, deprive the appellant of effective representation (see People v Wilkins, 28 NY2d 53, 55-57 [1971]; People v Dakin, 199 AD2d 407, 408 [1993]). The appellant has failed to demonstrate on this appeal that the alleged conflict of interest affected the conduct of his defense (see People v Lombardo, 61 NY2d 97, 103 [1984]; People v Brown, 286 AD2d 340, 341 [2001]).

In addition, the appellant argues that the Family Court's findings of fact were against the weight of the evidence, particularly because the Presentment Agency failed to disprove his alibi defense beyond a reasonable doubt. We disagree (see CPL 470.15 [5]; Matter of Jeffrey V., 185 AD2d 240, 241 [1992], affd 82 NY2d 121 [1993]). The testimony of one of the complainants disproved the appellant's alibi defense beyond a reasonable doubt (id.; People v Tucker, 185 AD2d 908 [1992]). Although the appellant attacks the credibility of the complainants and claims that the factfinder should have credited his alibi witnesses, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the factfinder, which saw and heard the witnesses (see Matter of Jeffrey V., supra; cf. People v Garay, 163 AD2d 582 [1990]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (cf. People v Garafolo, 44 AD2d 86 [1974]). We are satisfied that the findings of fact were not against the weight of the evidence (cf. CPL 470.15 [5]). Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.