The People of the State of New York, Respondent,
against
Michael Louis-Jaques, Appellant.




Appellate Advocates (Ronald Zapata, Esq.), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Jonathan K. Yi of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Dorothy Chin Brandt, J.), rendered October 6, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, the count of the accusatory instrument charging defendant with criminal possession of a weapon in the fourth degree is dismissed, the remaining counts of the instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings on the remaining counts of the accusatory instrument.
Defendant pleaded guilty to criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) in satisfaction of an accusatory instrument that also charged him with criminal possession of a firearm (Penal Law § 265.01-b [1]), menacing in the second degree (Penal Law § 120.14 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). Insofar as is relevant to the appeal, the accusatory instrument alleged that, while threatening to kill the complainant, defendant lifted his shirt and displayed to her the handle of a firearm in the waistband of his pants and that, after canvassing the surrounding area, a police officer recovered an unloaded firearm, which the complainant identified as being the firearm that defendant had shown her. On appeal, defendant contends that the charge of criminal possession of a weapon in the fourth degree contained in the accusatory instrument was facially insufficient because it failed to allege that the firearm defendant possessed was operable.
At the outset, we note that defendant's contention concerning the accusatory instrument's facial sufficiency is jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant's claim was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed in spite of his failure to raise it in the Criminal Court (see Alejandro, 70 NY2d 133). Furthermore, since [*2]defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the sufficiency of an information as set forth in CPL 100.40 (1) (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Connor, 63 NY2d 11 [1984] [a waiver of the mandated reading of the rights does not by itself constitute a waiver of the procedural right to be tried on an information]). Where the information fails to meet these requirements, it is jurisdictionally defective (see Hatton, 26 NY3d at 368). We note that "a purported hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea" (People v Keizer, 100 NY2d 114, 121 [2003]).
A person is guilty of criminal possession of a weapon in the fourth degree when, among other things, he or she possesses "any firearm" (Penal Law § 265.01 [1]; see Penal Law § 265.00 [3]). A required element of the crime is that the firearm must be operable (see People v Longshore, 86 NY2d 851, 852 [1995]; Matter of Rodney J., 83 NY2d 503 [1994]; Matter of Alex A., 189 AD2d 596 [1993]). Absent from the information here is an allegation that the weapon was operable. Since this count of the information fails to allege an element of the offense charged, it is jurisdictionally defective and must be dismissed (see Kalin, 12 NY3d 225; Matter of William B., 215 AD2d 377 [1995]; People v Poidomani, 40 Misc 3d 141[A], 2013 NY Slip Op 51500[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Phillips, 29 Misc 3d 143[A], 2010 NY Slip Op 52212[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, the remainder of the accusatory instrument is reinstated to its pre-pleading status (see CPL 470.55 [2]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, the count of the accusatory instrument charging defendant with criminal possession of a weapon in the fourth degree is dismissed, the remaining counts of the instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings on the remaining counts of the accusatory instrument.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 11, 2017